VINCENT D'ACCHIOLI *vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

AUGUST 4, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This petition for certiorari was brought to have this court review and reverse the decision of the respondent zoning board of review of the city of Cranston in denying the petitioner's application for an exception or variance under the zoning ordinance of that city. Pursuant to the writ the pertinent records have been certified by the respondent board to this court.

The petitioner occupies a lot of land located at 507 Oaklawn avenue in Cranston under a lease dated February 15, 1943 for seven years until January 31, 1950. The lot in question contains about four and one half acres and is designated as lot 1374 on assessors' plat 17 of that city. It is located in a dwelling house district as defined in sec. 2 A of chapter 28, city ordinances of 1944, as amended June 15, 1945. Permitted uses in such district include "(5) Agriculture. Nursery. Greenhouse. Truck gardening"; and admittedly the sale of agricultural products grown on the premises.

The petitioner as lessee and the owner as lessor of the premises joined in the application for an exception or variance under the zoning ordinance to permit the sale of all kinds of fruits and vegetables throughout the year from the stand presently on the premises, and also the erection and maintenance of appropriate signs advertising the same. After due notice a hearing was held thereon before the

respondent board, at which the petitioner and his witnesses gave evidence in support of the application. Certain owners of abutting property also appeared and presented their objections to the granting of such application.

After the hearing the board viewed the premises, and upon consideration of the evidence found: "1. That there has been no change in the character of the neighborhood since the adoption of the zoning law which would warrant the granting of this petition. 2. That the use of the premises as a fruit stand selling all kinds of fruits and vegetables would not be in harmony with the character of the neighborhood and would substantially and permanently injure the neighboring property. 3. That there is no evidence of unnecessary hardship upon the petitioner, but that on the contrary the property can be devoted to other beneficial use." The board further found "that the public convenience and welfare will not be served by granting the petition; that on the contrary the appropriate use of the neighboring property would be substantially and permanently injured thereby; that to grant the petition would be contrary to the public interest," and therefore the application was denied.

The sole question according to the petitioner is whether the board abused its discretion in denying his application for an exception or variance under the zoning ordinance of the city of Cranston. He contends that finding numbered 1 is immaterial; that there is no evidence to support finding 2; that finding 3 violates the spirit and intent of the ordinance; and that therefore the decision of the board amounts to an abuse of discretion and should be reversed. We do not agree with these contentions.

If the application is treated as a request for an exception under the zoning ordinance, the petitioner has the burden of showing that "the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured * * *." Chap. 28, sec. 24 B. Special exceptions. He

has not sustained that burden. There is evidence to support the conclusion of the board that the prospective use would not serve the public convenience and welfare, as contemplated by the enabling act and the ordinance, and also that it would substantially injure the appropriate use of neighboring property. Moreover, the denial of this application was apparently in keeping with uniform treatment of other owners in the immediate vicinity whose operation of a somewhat similar stand was prevented by city authorities.

If the application sought a variance, which would appear to be the basis of the petitioner's principal argument, he recognizes he must show that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and that the spirit of the ordinance will be observed and substantial justice done by a granting thereof. Chap. 28, sec. 24 C. Similar requirements also are provided in the enabling act. G. L. 1938, chap. 342, as amended. See also *Kent* v. *Zoning Board of Review*, 74 R. I. 89; *Harrison* v. *Zoning Board of Review*, 74 R. I. 135.

The petitioner in claiming unusual hardship relied generally upon evidence to the effect (1) that he had made a substantial investment of money in the business he had been operating, including these premises and stand; (2) that the land proved to be unsuitable for growing a variety of fruits and vegetables which, if they had been grown on the premises, could have been sold from such a stand; (3) that because of certain nonconforming uses near by the additional use of these premises as applied for would not be contrary to the character of the neighborhood or purpose of the ordinance; and (4) that a variance would add to the convenience of surrounding properties and would not depreciate them.

In our judgment the evidence is not at all clear that the petitioner's investment in money was made solely in connection with the use of these premises. But if it was so made it amounted to a personal obligation either to promote production of a variety of agricultural products that could

be sold without special permission or to establish an unauthorized business use in a residential district. As to the first of these objectives the petitioner testified to the investment of money for necessary irrigation, and stated: "I have got lines of water, hundreds of feet of water underground, for irrigation that didn't work, all electrical equipment underground * * *." From this it would appear that petitioner's hardship is the result of the failure of the irrigation to work and not the failure of the soil to produce when properly irrigated. Even the expert whose letter was accepted as evidence for the petitioner indicated that a variety of fruits and vegetables could be grown with proper irrigation, although the soil was light and not suitable to profit-making crops in variety without such irrigation. Mere personal misfortune or hardship of this nature would not require the board to grant a variance.

In our opinion a stand from which to sell products grown on premises is in aid of the use of the land in accordance with the purpose and terms of the ordinance, as petitioner contends. But the sale of bananas, watermelons, pineapples, and the like, to be imported from elsewhere and sold from that stand, is not such a use of this land as is contemplated by the ordinance. On the contrary, it amounts to a new, different and business use which cannot be considered akin to a mere extension of a nonconforming use as petitioner argues.

He has called attention to the existence of a cemetery, a gasoline station, a factory, and a railroad track in the general vicinity apparently to show that the variance requested would not be contrary to the character of the neighborhood and the general purpose of the ordinance. The gasoline station and the small country cemetery referred to are some 1000 to 1500 feet from the stand, and for all that appears are nonconforming uses. The factory which is across the street is not large, and the railroad track, upon which only one train runs daily and nightly, is 250 feet from the stand. Both of these were in existence before

the ordinance. Notwithstanding these nonconforming uses the land on the west side of and immediately adjoining the track has been developed profitably and solely as a residential community. Moreover several witnesses, including one who appeared for the petitioner, expressed an intention to build residences and improve buildings on land close to, if not abutting on, petitioner's lot. Apparently the board had all these nonconforming uses in mind when it viewed the location and found that the character of the neighborhood had not changed since the zoning ordinance was enacted.

In connection with the effect of such a use upon the surrounding properties for residential purposes, we do not find direct evidence that the use of the stand and signs would depreciate the residential values. There are statements, however, from the objectors concerning traffic congestion and other day and night conditions on Oaklawn avenue, which is a heavily traveled highway, and which has resulted from the operation of this stand by the petitioner for a period of approximately a year in violation of the ordinance. These conditions were noted by the board and would indirectly affect the appropriate use of neighboring property for residential purposes as well as the general welfare and safety of the public.

In our opinion the case is entirely distinguishable from *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108, and *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26. The owner is not deprived of all beneficial use of his land. It is true the board is not bound to accept the evidence of the objectors or a poll of the neighborhood. *Heffernan* v. *Zoning Board of Review, supra*. Nor is it bound to accept the testimony of an expert. *Spirito* v. *Zoning Board of Review*, 64 R. I. 411; *Roberts* v. *Zoning Board of Review*, 60 R. I. 202, 205. Its duty is to consider all the evidence. In our opinion the respondent board has fulfilled its duty in this respect.

After an examination of the decision and all the evidence we cannot say that the decision of the board is arbitrary and that it is not reasonably related to the general safety and welfare of the public and the purpose of the ordinance.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The papers in the case which have been certified to this court are ordered sent back to the respondent board.

*Raymond J. Pettine,* for petitioner.

*Richard F. Canning,* City Solicitor, for respondent.