LEWIS F. LAWSON *et al.* *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE *et al.*

AUGUST 31, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

FLYNN, C. J.  This petition for a writ of certiorari was brought to review the action of the zoning board of review of the town of North Providence in granting an exception to permit the building of a combined funeral home and dwelling in a residential district under the zoning ordinance.

Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Anthony Maceroni, hereinafter referred to as the applicant, and his wife are the owners of lots Nos. 86, 87 and 88 on assessor's plat No. 8 of that town. The land is situated on the northerly side of Smith street at the corner of Belvidere boulevard and is located in a dwelling house district under the zoning ordinance. The applicant sought an exception under section 23 B (7) and (8) of such ordinance to permit him to construct on his land a two-story building, the first floor to be used as a funeral home and the second as his family residence, and also to build a two-car garage and provide for off-street parking facilities.

At the hearing thereon it was not disputed that this particular land "has been vacant as long as the town is old." The applicant also testified that his business would not interfere with any of the resident's property; that his land "has been used for nothing and we will dress it up so that the people will be proud of their neighborhood"; that he intended to put shrubbery along the lot lines of adjacent properties; that he purchased this property "Just before I applied. I could not buy it on option"; and that the cost of the building would be tremendous but that people "are demanding this type of building in this type of locality. I want to conform to the wishes of the public."

The petitioners, who were represented by counsel, and certain other owners of land in the immediate neighborhood appeared at the hearing and strongly objected to the granting of the proposed exception. They stated in substance that it would cause a traffic hazard at Belvidere boulevard and Smith street; that it would injure the value of all neighboring property; that "People in the Fruit Hill section want to continue the identity of the Fruit Hill section"; and that "all property there are fine properties and the buildings in good condition."

After inspecting the premises and neighborhood and also studying certain funeral parlors in other localities, a decision was rendered granting the application subject to certain conditions and safeguards. In its decision the board stated that it had viewed the premises and observed that a convalescent home is located on the opposite corner and a two- or three-tenement house abuts the land in question; that a short distance from applicant's land and diagonally across Smith street is a business block consisting of a barber shop, hardware store, grocery store, garment cleaning establishment, and a gasoline station; that approximately 100 feet westward along Smith street, and on the same side as applicant's land, is a vacant business area having large billboards on it; and that Smith street is a state highway and heavily traveled.

The board also stated in substance and effect that the granting of this exception would not be contrary to public interest or welfare and would not substantially or permanently injure neighboring property; that permissible uses in dwelling house districts, such as church, school, college, athletic field, *etc.*, would present greater traffic hazards than would the prospective use; that there was little likelihood of anyone building a residence on this land since Smith street is a main thoroughfare where the trend is to business; that the proposed use including a family residence was a most appropriate one for this land; and that the board's determination must be based on established facts rather than upon the mere wishes of those who appear for or against the granting of an application.

Moreover in granting the exception certain safeguards and conditions were imposed upon the use of the land. These included a requirement for "all off-street parking," a direction that "suitable shrubbery will be planted on abutting property lines," and an order that "No permit should be granted to the petitioner [applicant] until he assures

the North Providence Building Inspector that he has received approval from the Department of Public Works."

We have referred to the decision at some length so that we may better determine whether the board complied with the requirements of sec. 23 B (8) of the zoning ordinance under which they acted. That section reads as follows: "When in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the district regulations herein established in harmony with their general purposes and intent as follows: * * * (8) Permit in a dwelling house district or an apartment house district such modification of the requirements of this ordinance as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings that do not conform to the provisions and regulations of the ordinance * * *."

The petitioners do not question the validity of sec. 23 B (8) but contend chiefly that the board exceeded its authority in granting the application without any showing of legal interest on the part of the applicant; that the board erroneously construed and applied sec. 23 B (8); that its action was in effect an amendment of the zoning ordinance and therefore beyond its authority; and that it abused its discretion in not requiring evidence to satisfy the provisions of §8 c of the enabling act, general laws 1938, chapter 342, and of sec. 23 B (8) of the ordinance relating to an exception.

There is no merit in petitioners' first contention concerning an alleged failure to prove the applicant's legal interest. It is clear from the application and the testimony of the applicant that he had bought the land just before he applied for the exception. At the hearing no contradictory

evidence was presented and apparently no such question was raised.

We do not agree with petitioners' second contention that the board erroneously construed and applied sec. 23 B (8). Unless it was against public interest that section, as hereinbefore quoted, expressly authorizes the board to grant an exception upon a finding of certain facts. In our judgment the board correctly interpreted and applied this section to the facts as they found them. Among these are findings that a combined funeral home and family residential structure, which apparently would resemble other residences in the area, will not substantially injure other property and in effect will serve the public convenience and welfare; that it is a most appropriate use for this land, so long vacant and not likely to be used for strictly a residence; and that there are adjacent to applicant's land a convalescent home and another two- or three-tenement house, which do not conform to the provisions and regulations of the ordinance for a dwelling house district. The fact that these latter may have been legal nonconforming uses does not deprive the board of authority to grant an exception under sec. 23 B (8) of the ordinance. That section expressly assumes the existence of such an adjacent use as a reason for the grant of authority in a proper case. In our judgment these and other findings as to nearby commercial uses, which the board observed and described in its decision, show that the board did not misconceive or misapply the section.

The petitioners next contend that the board's action was in effect an amendment of the zoning ordinance and therefore beyond its authority. The record does not disclose any usurpation of legislative power, or an exceeding of its authority under the ordinance, or an actual change in the boundary lines of the zone as contended. It is true that the power to grant an exception is very broad and should be exercised only in a case where there is substantial evidence to justify it. However, the board's discretion in granting

an exception in such a case will not be reversed where there is substantial evidence to support it, and then not because of illegal usurpation so much as because of an abuse of discretion in exercising legal powers conferred by the ordinance. In our opinion there is evidence here to support the board's findings and decision.

It may be, as this court said in *Harrison* v. *Zoning Board of Review*, 74 R. I. 135, 143, that under such broad discretionary power there is a wide opportunity for "spot zoning," but that alone is not a reason for this court to disturb the decision where the policy of the ordinance permits it. If such power is found to militate against the establishment of a sound zoning policy, the cure rests with the town council. It can restrict the board's discretion within more definite limits. However, in passing upon the question whether the board has abused its discretion, the ordinance must be applied as it stands.

The petitioners' final contention is that the board abused its discretion in failing to require the applicant to satisfy the provisions as to an exception under sec. 23 B (8) of the ordinance and as to a variance under §8 c of the enabling act. In the instant case in order to prevail on this ground the petitioners have the burden of establishing that the board abused its discretion in granting an exception under sec. 23 B (8), because the application was apparently granted as an exception under that section. See *Costantino* v. *Zoning Board of Review*, 74 R. I. 316; *Lough* v. *Zoning Board of Review*, 74 R. I. 366. The board is expressly authorized by sec. 23 B (8) to grant such an exception under certain conditions. In that connection we must keep in mind that members of the zoning board are presumed to have special knowledge of those matters which are so much a part of the administration of the zoning ordinance. *Harrison* v. *Zoning Board of Review, supra.* Here they viewed the premises and have stated their impressions and reasons sufficiently in the decision. In our judgment the facts as

found in substance and effect by the board justify its action in granting the exception.

For this reason it becomes unnecessary to consider the petitioners' contention that the board abused its discretion in that it failed to require evidence of undue hardship to satisfy the provisions of §8 c of the enabling act, G. L. 1938, chap. 342, with reference to the granting of a variance.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case which have been certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Edwards & Angell, Edward F. Hindle, James K. Edwards,* for petitioners.

*Michael A. Abatuno,* Town Solicitor, *Aram A. Arabian,* for respondent.