AUGUSTINE PISTACHIO, JR., *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

JANUARY 14, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is a petition for certiorari to review the action of the zoning board of the town of North Providence in granting a variance under the provisions of general laws 1938, chapter 342, §8c, now G. L. 1956, §45-24-19c. The petitioners are property owners who objected to the board's decision. The writ issued and in compliance therewith the board has certified to this court the pertinent records.

The property in question, which is located at 59 Cleveland street on lot 52, assessors' plat 24, in a dwelling house district, consist of a parcel of land with a two-story structure thereon which had been used for twenty years prior to 1950 as a social club and dance hall.

It appears from the record that the applicants Carmine Tella and Albert De Placedo, who purchased the property in May 1951, had sought a variance for these premises on two separate occasions prior to the filing of the instant application. In the first request, which was made in 1955, they applied for permission to use the building for the business of manufacturing and dealing in bakery products. This application was withdrawn by leave of the board. Later,

on July 11, 1956, they filed another application which in all respects was similar to the present application. This request was denied by the board on July 27, 1956. It also appears from the record that the applicants were denied a liquor license for said premises.

On March 15, 1957 they filed the instant application requesting a variance under the provisions of chap. 342, §8c, to use the premises for the business of manufacturing mechanical pencils. They based their request in substance on the ground that a denial of such relief would result in depriving them of all beneficial use of their property. They stated that the building could not be converted to a dwelling except by tearing it down and rebuilding at a prohibitive cost; that it could not be used for anything but business, industrial or manufacturing uses; and that since such uses were not permitted in a dwelling house district, the building would have to be torn down or left to deteriorate unless the request was granted.

They further stated that the machinery to be used would not create any disturbance to adjoining property owners; that the business did not require the parking of trucks; that deliveries to and from the premises would be made by parcel post; that there would be no emission of odor, dust, smoke, gas, noise or vibrations resulting from the operation of the proposed use; and that there would be no retail selling to the general public. The application also contained the statement that the proposed use would not interfere with the public health, safety, morals or general welfare of the community, and that the granting of the variance would not unduly conflict with the public interest.

At the hearing before the board one of the applicants testified that the present value of the building was $10,000; that he had consulted a contractor about converting the building to a residence; and that such conversion would cost between $40,000 and $50,000, which was prohibitive. He also corroborated the statements made in the applica-

tion relating to the absence of noise, smoke, odors, fumes and increased traffic hazards. Several witnesses testified in opposition to the granting of the variance. The substance of their testimony was that the district was residential and they wanted it kept that way.

In its decision, after observing that it had carefully examined the testimony and had viewed the area in question, the board stated it was unanimously of the opinion that the building could not be economically converted to a use which would conform to the zoning ordinance; that the proposed use would not depreciate the values of surrounding properties; and that it concurred in the opinions of the applicants as expressed in the testimony regarding the effects on public interest, general welfare and traffic hazards. On the basis of these findings the board granted the variance under the provisions of chap. 342, §8c. In substance it stated that its finding of unnecessary hardship was based on the testimony given at the hearing and also upon factual observation made by it. It concluded that the granting of such variance would not alter the essential character of the locality and that the spirit of the ordinance would be observed.

Chapter 342, §8c, provides that the board of review shall have the power "To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

It is well established that one seeking a variance under the provisions of §8c has the burden of proving *to the satisfaction of the board* that such relief would not be contrary to the public interest and that a literal enforcement of the terms of the ordinance would result in unnecessary hardship. See *Winters* v. *Zoning Board of Review,* 80 R. I. 275,

279, and *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196, 199. It is clear that the board in the instant case was satisfied that the applicants had sustained their burden of proof.

The petitioners, however, contend that the board's decision was arbitrary, illegal and an abuse of its discretion. They argue that there was no evidence which showed that the applicants were deprived of all beneficial use of their property, and that consequently the record lacked legal evidence to support the finding of unnecessary hardship. They base this contention on their claim that the testimony of one of the applicants concerning the cost of converting the building to a residence is not legal evidence since it was based on hearsay. We do not agree with this contention. The particular testimony in question was competent evidence. The weight which should be given to such evidence was for the board to decide in its discretion. Moreover, the application itself contained statements by the applicants that the building could not be used for anything but business, industrial, or manufacturing purposes and that the cost of converting it to a residence was prohibitive. No evidence appears in the record contradicting either the testimony of said applicant or the statements in the application on this point. See *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319, 322, and *Lawson* v. *Zoning Board of Review*, 85 R. I. 54, 125 A.2d 199, 202.

In our opinion there was evidence in the record to support the board's finding of unnecessary hardship, and we do not weigh the evidence. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316, 322. *Dunham* v. *Zoning Board*, 68 R. I. 88, 96. For this reason we deem it unnecessary to consider petitioners' other contentions relating to the issue of hardship.

The question remains, however, whether the board abused its discretion in deciding that the granting of the variance was not contrary to the public interest. There was evidence that the proposed use would not adversely affect the

290

public health, safety, morals or general welfare of the community. Moreover, because of its presumed knowledge of local conditions, the board undoubtedly took into consideration the effect which the use would have on the area in question. See *Lawson* v. *Zoning Board of Review, supra,* at page 203; *Drabble* v. *Zoning Board of Review,* 52 R. I. 228, 232.

It is also reasonable to assume that the board had in mind the other uses permitted in this district and concluded on the basis of the record before it that the proposed use would not unduly and in a marked degree conflict with the provisions of the ordinance. See *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 29. It was for the board to decide, in the exercise of its sound discretion on all the evidence, including its own view of the premises, whether the granting of the variance would be contrary to the public interest. In our opinion there was evidence in the record from which the board could reasonably conclude, as it did, that the proposed use would not contravene the public interest.

It is well settled that the decision of a zoning board upon matters within its discretion will not be set aside unless it clearly appears that the board acted arbitrarily and abused its discretion. *Spirito* v. *Zoning Board of Review,* 64 R. I. 411, 416. It is also well settled that the burden is on a petitioner to prove that there has been a clear abuse of the board's discretion. *Lough* v. *Zoning Board of Review,* 74 R. I. 366. We cannot say that the decision of the board in the instant case was illegal, arbitrary or an abuse of its discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The records in the case which have been certified to this court are ordered sent back to the board.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Jacob D. Portnoy,* for petitioners.

*Michael A. Abatuno,* Town Solicitor of North Providence, for respondent.

*Russell C. King,* for applicants.