DECISION
This is an appeal from a decision of the Zoning Board of Review for the city of East Providence. Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1991 Reenactment) §45-23-71.
Facts/Travel
A summary of the actions of the Zoning Board of Review for the city of East Providence is as follows. On March 31, 1993, after a public hearing that was held without objection, the Zoning Board of East Providence granted Katharine Reynolds a variance that divided a parcel of land that she owned into a lot containing an existing single-family dwelling and a lot for the construction of a new single-family dwelling. The newly created lot became parcel 11, block 3, map 503 located at 23 Rich Street, in East Providence. Subsequently, on April 1, 1993 the lot containing the existing single-family dwelling was conveyed to Mary Lundgren (plaintiff).
As a result of the granted variance, the City Zoning Officer issued a building permit for the construction of a single-family dwelling on Parcel 11, Block 3, Map 503, located at 23 Rich Street, East Providence, Rhode Island. The Lundgrens (plaintiffs) appealed the granting of the building permit to the Zoning Board of Review. On June 30, 1993, the Zoning Board heard and denied the appeal at a scheduled meeting. No further action was taken by the plaintiffs at this time.
Before construction of the dwelling began, the previously approved plans were altered. Consequently, the defendants sought, and the Zoning Officer approved, a modified building permit. A scheduled hearing was publicized and held before the Board on September 29, 1993. At this hearing the Board heard testimony from the plaintiffs and other neighboring landowners who opposed the granting of the revised building permit. Deborah Leonard, a neighboring landowner, expressed her concern that the proposed house did not meet the minimum square footage required by the zoning laws. In addition, the plaintiffs testified about their concerns that § 19-135 of the East Providence Zoning bylaws was not adhered to relative to yard size at the proposed site. After hearing testimony, the Board unanimously voted to uphold the actions of the Zoning Officer and deny the appeal. This appeal followed.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
G.L. 1956 (1991 Reenactment) § 45-24-63, in pertinent part, provides that a zoning ordinance enacted pursuant to the Enabling Act shall provide that appeals from decisions of an administrative officer may be taken to the zoning board by an aggrieved party. In accordance with that provision, § 19-51 of the East Providence Zoning Ordinances specifically provides for such appeals. In addition, § 19-50(f) provides that changes to the work approved by issuance of a variance must be approved by a zoning officer, and if major, must be resubmitted to the board.
The plaintiffs contend that on September 30, 1993, the Zoning Board of Review upheld the decision that allowed for the subdivision of East Providence Assessor Plat Parcel #11, Block 3, Map 503 creating a new lot at 23 Rich Street. However, the record reveals that the issue decided at the September 30th meeting was whether the Zoning Board should uphold the decision of the Zoning Officer, who had approved revised building plans for the construction of a single-family dwelling at 23 Rich Street. (See Public Notice in the Providence Journal-Bulletin September 7, 1993). The record reveals that this was the only issue decided regarding Parcel 11. Rhode Island law specifically provides that an aggrieved party may appeal a decision of the zoning board of review to this Superior Court within twenty days of the decision.
R.I.G.L. 1956 (1991 Reenactment) § 45-24-69. (Emphasis added.) Accordingly, the Board's grant of a variance to Katharine Reynolds was not before the Zoning Board on September 30, 1993 and therefore is not before this Court at this time.
The Zoning Officer's Permit
Specifically, the plaintiffs ask this Court to reverse the East Providence Zoning Board's decision to uphold the Zoning Officer's issuance of a revised building permit. The plaintiffs premise this request on a 1942 deed restriction placed on their property which limits the distance of boundary lines and § 19-145 of the East Providence Zoning Ordinances, which states that yards in the district must be a minimum of eight feet. However, this Court cannot, in the matter before it, consider whether Parcel B will be in violation of a deed restriction when reviewing the approval of a permit issued for parcel A. Furthermore, the same is true concerning the application of § 19-145 of the East Providence Zoning Ordinance because the plaintiffs are asserting that their property, Parcel B, not defendant's Parcel A, will be in violation of the ordinance because of the modified building permit.
Further examination of the record reveals that the East Providence Zoning Board considered the recommendation of the East Providence Department of Planning that the decision of the Zoning Officer be upheld.(See Department of Planning Memorandum, September 24, 1993.) In addition, the Zoning Board found that pursuant to § 19-6(b) of the East Providence Zoning Ordinances, which mandates that all variances previously granted by the board remain in effect, the decision of the Zoning Officer should be affirmed. ". . . [A] board of review is presumed to have a special knowledge of matters that are peculiarly related to the administration of a zoning ordinance and of local conditions as they are affected by the provisions of a zoning ordinance." Kelly v. Zoning Board of City of Providence,94 R.I. 298, 303 (citing to Harrison v. Zoning Board of Review,74 R.I. 135, 141; Pistachio v. Zoning Board of Review, 88 R.I. 285). Based upon all the evidence before it, including the recommendation from the Department of Planning, as well as the Board's familiarity with the area, the Board affirmed the action of the Zoning Officer.
After a review of the record this Court finds that the September 30, 1993 decision of the East Providence Board upholding the Zoning Officer's approval of the revised permit is not clearly erroneous in view of the reliable, probative, and substantial evidence contained in the record. In addition, it is not arbitrary or capricious, and is not characterized by any abuse of the Board's discretion. Accordingly, pursuant to the specific legislative mandate contained in § 45-23-11 G.L. 1956 (1991 Reenactment), this Court affirms the decision of the Zoning Board of Review for the City of East Providence.
Counsel shall submit the appropriate judgment for entry.