JOHN HARRISON, JR. *vs.* SPENCER B. HOPKINS *et al.*

DECEMBER 3, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Zoning Law. Zoning Board of Review. Discretion.*

Under Pub. Laws, 1923, cap. 430, sec. 2, the Zoning Board of Review has power on appeal to it, to authorize such variation in the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the ordinance would result in unnecessary hardship.

A petition seeking relief under this section is addressed to the judicial discretion of the Board of Review.

*(2) Zoning Law. Records. Certiorari.*

Where no record was kept of proceedings before a Zoning Board of Review, the court on *certiorari* has no way of knowing the facts presented to the Board, but under the zoning statute the court on review has authority to take testimony and may reverse or affirm wholly or partly or may modify the decision brought up for review.

*(3) Zoning Law. Certiorari. Record.*

Where the court on reviewing a decision of a Zoning Board of Review is obliged to take new testimony, thus necessitating its decision being based upon testimony other than that before the Board; the question presented to the court is not whether the Board properly exercised its discretion on the facts before it but whether the facts presented before the court warrant the court in making a variation in the requirements of the zoning act.

*(4) Zoning Law. Variation in Requirements of Act.*

Petitioner got a permit for the erection of a two-family house within the B-1 district. Petitioner started work within the period fixed by ordinance, but owing to various causes, construction was delayed. On April 24, 1926, petitioner was in default as to the amount of construction which should have been completed.

In September, 1924, a petition was before the city council to add a strip of land which included petitioner's premises to the A-1 district. Petitioner knew of this when he obtained his permit in April, 1925. In December, 1925, the premises were added to the A-1 district and in July, 1926, petitioner's permit was revoked for this cause. At the time of revocation petitioner had spent $2,500 on construction:—

*Held*, that while petitioner might have delayed more than was necessary, in view of his expenditures, and the general character of the adjacent construction, he should be permitted to complete the building as originally planned.

*Held*, further, that petitioner was not bound to postpone construction because of knowledge of the petition to enlarge the zone.

CERTIORARI. Heard on petition to review action of Zoning Board of Review. Decision of Board reversed.

BARROWS, J. Petitioner obtained a writ of *certiorari* directed to Spencer B. Hopkins, Inspector of Buildings, and to the Zoning Board of Review of the City of Providence. Pub. Laws 1923, Chap. 430, Sec. 2.

Upon hearing, this court quashed the writ so far as it applied to Hopkins the Inspector of Buildings, a mere ministerial officer, and heard the case against the Zoning Board of Review. We found that petitioner was seeking to quash the decision of the Zoning Board of Review refusing to permit a variation of the zoning ordinance in favor of petitioner. This variation was permissible by said Section 2 granting powers to the Board, as follows: "To authorize upon appeal in specific cases such variation in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Petitioner, whose lot contained 4972 square feet, sought the privilege of completing the erection of a partly built two-family dwelling house in what at the time of the petition was the dwelling house A 1 district, wherein an area of 4500 square feet was required for each family. He based his petition on the alleged hardship to him arising from a change in zoning lines during construction. This change brought into the A 1 district petitioner's land which at the time he received his permit to build was in the B 1 district in which 2000 square feet per family was the requirement. (1) Finding, after examination of his petition, that it was one addressed to the judicial discretion of the Zoning Board of Review we examined the record to discover the facts upon which that Board relied. The only evidence appearing was a remonstrance signed by neighbors within a radius of 100

feet of the proposed building. This remonstrance alleged that petitioner before starting construction knew of the pendency of a petition to change the zone lines, that after a change he had failed to complete his building within the time required by law, and had thereby forfeited his right to proceed, that it now readily could be changed into a one-family building, that it was out of harmony with the other buildings in the neighborhood, all of which were one-family houses, and that a two-family dwelling house would depreciate the value of neighboring property. Three of the signers personally appeared before the Board. No sworn testimony was taken nor was record or other evidence offered showing what statements were made to the Board. Assuming that the board had facts before it, upon which to base its decision, we had and could have no way of knowing those facts and it was not possible intelligently to review without taking testimony the action of the Board as required by statute. Pursuant to the statute (See Rescript November 10, 1926), we set a time at which petitioner and respondents could present oral testimony before us. In accordance with our order the parties appeared and presented before this court sworn testimony. The authority to take such testimony in these proceedings was by virtue of the zoning statute. Under the statute the court is permitted to take new testimony if it deems the same to be necessary and to "reverse or affirm wholly or partly or (may) modify the decision brought up for review".

From the foregoing recitals it is apparent that the court's decision may at times and in this case must be based upon evidence other than that before the Zoning Board of Review. It is clear that the question now before us is not the narrow one, whether the Board properly exercised its discretion on the facts before it. By the introduction of new testimony the inquiry has been broadened into whether the facts now on the record warrant the court in making a variation in the requirements of the zoning act in favor of petitioner. We are not longer concerned with the discretion exercised by

the Board.   Our own discretion must be exercised on the altered facts.

The facts before us are that petitioner got a permit for the erection of a two-family house on the southerly side of Calla street on April 24, 1925.   At that time petitioner's land was within the B 1 district.   Petitioner started work within the period fixed by city ordinance and in the late fall a washout caused a portion of the cellar wall to cave in. The wall was rebuilt and on December 2 the brick work on the foundations was started.   Cold weather delayed operations and on July 29, 1926, the first floor was in and the studs and part of the second floor beams were up.   Construction was proceeding slowly, petitioner being a contractor and builder and spending much of his time at other jobs. On the date last mentioned, petitioner had expended in labor and materials more than $2,500.

Section 26 of Chapter 370 of the Ordinances of the City of Providence, approved June 6, 1923, and in force when petitioner received his building permit, contained certain requirements relative to the time within which construction must proceed.   On April 24, 1926, petitioner seems to have been in default in failing to have his "second tier of beams" completed.   The Inspector of Buildings, however, did not revoke petitioner's building permit because of general dissatisfaction with the progress of the building.   His revocation order reads:   "On April 24, 1925, you were given building permit No. 1190, Assessors' Plat 59, Lot 489, for a two-family house which at that time was legal, but since then the Zoning Law for that section has been changed to a one-family district.   Consequently, as you have delayed building said house so that it brings you under the one-family law, said permit is hereby revoked."

Respondent concedes that petitioner could be allowed to proceed by securing an authorization of variance from the Zoning Board of Review and under the statute above quoted this court can grant the same privilege.   If, therefore, we find that petitioner's prayer ought to be granted,

we are not required to consider any question of petitioner's alleged vested rights or of the reasonableness of the city ordinance.

In order to determine whether in spite of delay the petitioner should be allowed to proceed under an exception to the ordinances we need to retrace our steps to September, 1924, when a petition was before the city council to add a considerable strip of land adjoining Roger Williams Park to the A 1 district. Petitioner, whose land was within the proposed addition, knew of the pendency of this petition when he obtained his permit on April 24, 1925. No action by the council followed a public hearing on the petition on April 29, 1925. Subsequently, on December 23, 1925, the city council added to the A 1 district Calla street between Hancock street and the Park, a very small parcel. This added portion included land of petitioner and was part of the land included in the previous petition of September, 1924, which had not been acted upon. All of these proceedings were known to but not participated in by petitioner. On July 29, 1926, the Inspector of Buildings revoked the permit of April 24, 1925, in language above quoted.

Calla street is a short street running east and west between Eddy street and Roger Williams Park and petitioner's lot is the second lot easterly from said Park. Only approximately 400 feet of Calla street is inside the A 1 district. On this portion all houses are cottages, except one of two and one half stories built prior to the zoning ordinance. On the other and longer portion are numerous two-family houses. The nearest of these is about three hundred feet from petitioner's house. The Park Commissioners filed a written statement that they saw no reason "as far as Park matters are concerned" for holding up the erection of petitioner's house. Every other neighboring owner within one hundred feet, however, signed the petition formerly mentioned to prevent further construction. Of these the only ones appearing at the hearing to testify

before the court were petitioner's next door neighbor and his neighbor across the street. Their objection to completion of the building was based on the delay in construction and the fact that the house was to be for use of two families in a one-family district.

The house which petitioner received permission to construct is 36 x 38 feet. From the blue print before us one cottage within the district is approximately the size of petitioner's proposed building in ground area.

While petitioner may have delayed more than was necessary in his construction, we can not pass lightly over the fact he had spent in excess of $2,500 on the house before revocation of his permit. He was neither legally nor otherwise bound to postpone construction because he knew of the pending petition to enlarge the zone. While there is evidence that the present structure can be made over into a one-family house, yet no details are given as to the expense to petitioner in doing so. In view of the general character of the construction on Calla street, both inside and outside the A 1 district, we are convinced that it would not be contrary to public interest to authorize a variance and allow completion of the proposed building. We think the peculiar conditions above recited render a literal enforcement of the ordinance an unnecessary hardship to petitioner and that to apply it in the present case would be contrary to the spirit of the zoning ordinance and an injustice to petitioner. He should be permitted to complete his building as originally planned. This application is different from one where a landowner in an A 1 district seeks in the first instance to secure a permit under an exception to the general rule. The change of lines after petitioner had commenced construction created a strong equity in his favor. This equity is aided by the absence of testimony showing injury of any kind to the neighborhood or property by the construction of the proposed dwelling.

The decision of the Zoning Board of Review refusing to grant petitioner's prayer for permission to proceed is

reversed. The prayer of petitioner for a variation of the zoning ordinance (paragraph C, section 2) is granted. Petitioner is entitled to a permit to complete the erection of his two-family dwelling house on Calla street in the A 1 district.

*Rosenfeld & Hagan,* for petitioner.

*Elmer S. Chace, City Solicitor, Francis D. McManus, Assistant City Solicitor,* for respondents.