ALBERT M. BERARD *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

MARCH 28, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of review of the town of Barrington denying the petitioners' application for a variance under the zoning ordinance of that town. Pursuant to the writ the board has returned to this court a certified copy of the records of the proceedings before it.

It appears from the record that the estate of Emma Bradford, late of the town of Barrington, deceased, is the owner of a lot of land in that town which is located at the corner of County Road and Hamilton avenue. It further appears that the lot presently is zoned as Residential A; that there is located thereon a one-family dwelling house and two garages; and that Albert M. Berard is the holder of an option to purchase said lot. On April 4, 1957 the executor of the Bradford estate and Berard jointly applied to the respondent board for a variation in the provisions of the zoning ordinance so as to permit them to erect a gasoline service station on the lot in question.

The applicants allege in their application that the lot is zoned Residential A and that most of the surrounding properties are zoned for business or commercial uses. They further allege: "Because of the commercial nature of this neighborhood, the lot in question is no longer suitable for residential purposes, working a definite hardship upon owners." The respondent board held a hearing on the application on May 16, 1957, and on July 18 they issued their findings in writing, denied the application, and stated,

among other things: "The applicants have failed to establish a case of hardship in this particular case, and the Board feels that it would be an abuse of its discretion to grant and allow a variance. Unusual and special conditions warranting a derogation from literal enforcement of the Zoning Ordinance are not present."

Since the applicants did not make any specific request for an exception under the ordinance, the only question before the board was whether they were entitled to a variance. It is clear that the board denied their application for a variance because it found they had failed to prove that an enforcement of the provisions of the ordinance would result in unnecessary hardship.

It is well settled in this state that one who seeks a variance under general laws 1956, §45-24-19, or under ordinance provisions giving effect thereto must prove that, among other things, a literal enforcement of the ordinance would result in unnecessary hardship. *Winters* v. *Zoning Board of Review*, 80 R. I. 275, 279. Therefore if there was evidence to support the finding of the board that hardship within the meaning of the act had not been established, its action in denying the application was not arbitrary or an abuse of discretion.

We have examined the record and the transcript of testimony and we are of the opinion that there was evidence to support such finding. One witness, a professional real estate agent, testified that in her opinion the property was not desirable as a residential location. This witness, however, conceded that if the house were remodeled it "wouldn't be too undesirable." Another real estate expert testified that in his opinion the property was not suitable for residential purposes, and that the use of the land for a gasoline service station would produce the greatest amount of income from the property. Counsel for the executor of the applicant estate also testified in this matter. His evidence was directed

to the amount of rent received for the property when rented for residential use and to the cost of maintenance of the property. The import of this testimony is that the use of the property for residential purposes would be less profitable than the use applied for. It is well settled in this state that an application for a variance will be denied where the only evidence in support thereof is that the provisions of the zoning ordinance when applied to the particular property in question will result in a less profitable use thereof.

We have held that to be entitled to a variance under the statute it must be established by the applicant that an application of the provisions of the ordinance deprives him of all beneficial use of his property. *Morgan* v. *Zoning Board of Review,* 52 R. I. 338. In *Winters* v. *Zoning Board of Review, supra,* at page 280, we stated that the deprivation of beneficial use of land must as a practical matter amount to confiscation of the owner's land without compensation. Upon a careful examination of the record we find no evidence in this case which establishes that a literal enforcement of the terms of the ordinance would deprive this owner of all beneficial use of the property and thus result in hardship within the meaning of the act.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the respondent board is affirmed, and the records certified to this court are ordered sent back to the board.

*Angelo Di Spirito, Jr.,* for petitioners.

*Bernard R. Pollock,* Town Solicitor, *Adler & Pollock,* for respondent.