CHARLES E. MORIN *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JULY 13, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of review of the city of War-

wick in denying the petitioners' application for an exception or variance under the zoning ordinance to permit the erection of a gasoline filling station on their land. We issued the writ and in compliance therewith the board has made due return of its records pertaining to such application.

It appears therefrom that petitioners' land is situated on the easterly side of the Post Road and consists of four unimproved lots numbered 245, 246, 248 and 249 on assessor's plat No. 267. The tract is bounded on the north by Packard avenue and on the south by Winslow avenue. On the westerly side of the Post Road opposite its intersection with that avenue is Gorton's Pond, a much frequented recreation spot in the summer. A short distance south of the pond Veterans Memorial Drive intersects the Post Road. Each of those highways is heavily traveled throughout the year. For a distance southerly of petitioners' land along the Post Road 400 to 600 feet, more or less, this general locality is zoned for and actually devoted to a variety of business and heavy commercial uses. As shown by certain photographic exhibits these are a diner, machine shop, garage, gasoline stations, auto sales and service, electric power substation, and a plumbing supply shop.

The petitioners' land which is partially on a hillside rising to a height of 15 feet is in a general business zone. Under section 6.2.3.2 of the zoning ordinance a filling station is permitted only in an automotive business district which is specially designated within a general business or heavy commercial district. Section 6.1.3 prescribes the specific kind of activity allowed in a general business district having no specially designated automotive business subdistrict therein and it expressly excludes automotive business uses. The petitioners' land is not within such a subdistrict.

In those circumstances petitioners sought a variance on the ground that the literal enforcement of the ordinance would subject them to unnecessary hardship and in effect would deprive them of any beneficial use of their land.

They contended this was especially evident from their experience over a period of years in not being able to interest anyone in devoting it to any of the permitted uses, although they had diligently tried to do so. They attributed their lack of success to the contour of their land and the nature of the existing uses in the area. After a lengthy hearing on the merits the board refused to act upon the application on the ground that to do so "would be in effect legislating which would be beyond the jurisdiction of this Board."

Apparently they were of the opinion that for them to consider and allow such application in the face of the express prohibition of automotive business uses in a general business district would be tantamount to amending the ordinance. In other words they conceived such prohibition as a limitation on their power to grant a variance under general laws 1956, §45-24-19c. Anticipating that this court might concur in the board's view the petitioners filed another petition for certiorari directed to the city council. In that petition they alleged that if the ordinance were thus applied it would be unconstitutional. These petitions were assigned to January 19, 1959 for hearing together.

On that day counsel for petitioners sought to argue the constitutional questions, but since it was obvious to us that the board's conception of the ordinance was wholly untenable we stopped him and decided from the bench that petitioners were entitled to consideration of their application on its merits. *Kent* v. *Zoning Board of Review,* 74 R. I. 89; *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283. We thereupon remanded the case to the board with directions to decide the application on the record before them without any further hearing, and within a reasonable time thereafter to return such record and their decision thereon to this court.

In view of such order we reserved further consideration of the petition directed to the city council pending receipt of the board's decision. Since the board has complied with

our order there is no need for us to consider the constitutional questions raised by such petition. We have accordingly disposed of it in a separate opinion filed this day. *Morin* v. *City Council*, 89 R. I. 414.

The board rendered their decision on February 11, 1959 and denied the application substantially on the grounds that petitioners had failed to prove unnecessary hardship and that a literal enforcement of the ordinance would deprive them of all beneficial use of their land. They did not set out in the decision any facts either from the record or from their own knowledge upon which they based their findings. In other words the decision merely states their conclusions without giving any reasons therefor.

The petitioners contend that such decision is arbitrary and unjust because the board totally ignored the uncontradicted evidence of several experts who testified that the land in question could not be devoted to any of the uses permitted under the ordinance and yield a beneficial return to petitioners. They also contend that the board ignored other evidence in their favor which tended to show that the peculiar characteristics of the land made the cost of preparing it for any of the permissible business uses prohibitive from the viewpoint of obtaining a beneficial return. They further point out that the board apparently gave no consideration to the fact that petitioners had tried for a period of thirteen years without success to interest persons in using the land for any of the permissible uses under the ordinance.

Those contentions are entitled to consideration. But counsel for petitioners has labored certain other contentions which are clearly lacking in merit, and furthermore should never have been urged. He calls in question the competency of the board because they had no experience in real estate. He also suggests that certain political practices infect zoning board decisions in Warwick and he fears they may have infected the instant decision. We mention these matters so

that it may be distinctly understood that such arguments furnish no support whatever to petitioners' case.

We have heretofore observed that zoning boards of review in passing upon applications for variances or exceptions perform a quasi-judicial function. And we have further said that in exercising such function they should be wholly free from outside influence of any kind. *Barbara Realty Co.* v. *Zoning Board of Review*, 85 R. I. 152, 138 A.2d 818. In the absence of a direct attack upon the integrity and impartiality of the board and evidence to support such attack, we shall assume that they have acted with propriety. There is no evidence that the respondent board here have acted to the contrary.

There is no provision in the zoning law which requires members of zoning boards to have had prior experience in the field of real estate. The fact, if it were a fact and not the mere assertion of counsel, that none of the members of the instant board had any such experience would have no weight whatever with this court in reviewing their decision. We have held that such boards by reason of the duties they perform are presumed to have special knowledge upon which they may rely in reaching their decision provided they disclose therein the nature of such knowledge. *Harrison* v. *Zoning Board of Review*, 74 R. I. 135; *Drabble* v. *Zoning Board of Review*, 52 R. I. 228.

The petitioners contend that since the board's decision does not contain the reasons upon which it is based and does not state that it is based upon special knowledge of the board it must be reversed. This does not necessarily follow. It is true that in *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108, and *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26, we stated that zoning boards could not base their decisions on facts known only to themselves. But in *Coffin* v. *Zoning Board of Review*, 81 R. I. 112, and *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130, we made it clear that if we could find in the record reasons to sup-

port the decision we would sustain it notwithstanding the absence of reasons in the decision itself.

However, after carefully reading the transcript we find no evidence therein which would support the board's decision. On the contrary we are of the opinion that the testimony of the petitioners and their real estate experts made out a prima facie case of hardship. We are also of the opinion that there was no substantial evidence presented in contradiction of such testimony.

The real estate experts especially were clear and positive in their opinions that the land in question could not be profitably utilized for any of the permissible uses. Two of these experts had personally tried to interest prospects without success. They all agreed that the contour of the land was such that the cost of preparing it for construction of a building for business would be prohibitive from the viewpoint of realizing a reasonable return from the investment. In fact each expert did not hesitate to say that such a venture would result in loss.

The petitioners testified that they had been advised against erecting such a building. One of the experts who was an officer of a savings and loan association testified that he had personally informed them that his bank would not take a mortgage on the land for that purpose because he did not think it would be a sound investment. He also doubted the land could be used for any business purpose even including a gasoline station and he felt petitioners were fortunate in having obtained the Esso Company as a prospective purchaser.

Another expert testified that only such a company, if anyone, could afford to take the risk of developing the land. He stated that one factor in their favor was that in utilizing it for a filling station they would not need to go to the expense of preparing the entire tract. In this respect he pointed out that they could avoid much of the cost which would be necessary in developing it for a business building.

While counsel for respondent sought on cross-examination of each expert to discredit such expert testimony he did not, in our opinion, succeed. Of course each witness when pressed admitted that one could use the land for some of the permissible uses, but they all agreed in saying it would be unwise and would result in loss rather than a profit. And when pressed further they insisted that a beneficial use of the land meant a profitable use.

Counsel for respondent seems to argue in his brief that this is not so. In this he is mistaken. He has probably confused *degree* of profit with *absence* of profit. It is true that evidence which shows merely that the permitted use of land is less profitable than the use applied for by way of a variance is not proof of hardship within the meaning of that word in the statute. And we have held that a variance cannot be supported on that ground. *Strauss* v. *Zoning Board of Review,* 72 R. I. 107; *Berard* v. *Zoning Board of Review,* 87 R. I. 244, 139 A.2d 867. But in two of our earliest cases construing the zoning act we held that a zoning board was entitled to consider whether restriction of an owner to the permitted use would be unprofitable. *Syrian Orthodox Charitable Society* v. *Zoning Board of Review,* 53 R. I. 232; *Sundlun* v. *Zoning Board of Review,* 50 R. I. 108. In the latter case we reversed the board's refusal to grant a variance for the reason among others that to restrict the owner to uses permitted under the ordinance "would result in a financial loss." In other words this court has always considered that to deprive the owner of all profitable use of his land was to deprive him of all beneficial use.

In the case at bar there is substantial evidence to the effect that petitioners could not without financial loss use their land for any of the uses permitted under the ordinance. Moreover there is no credible evidence to the contrary. In the circumstances the board abused its discretion in denying petitioners' application for a variance. On the

evidence they are entitled to use their land for a filling station, since it would appear that only by devoting the land to such a use will they be able to derive any benefit therefrom.

However, it is within the power of the board to limit such grant by requiring the petitioners to comply with certain prescribed conditions and safeguards which they may find reasonably necessary to insure protection to adjoining landowners and to promote the public safety. Since the petitioners have assured us that they are ready and willing to comply with conditions of that nature there ought not to be any further difficulty.

The petition for certiorari is granted, the decision denying the petitioners' application is quashed, and the records certified to this court are ordered returned to the respondent board with direction to grant the application subject to appropriate conditions in accordance with this opinion.

*Walter I. Sundlun,* for petitioners.

*Ralph T. Lewis, Jr.,* City Solicitor, *Robert H. Breslin, Jr., Donald P. Ryan,* Ass't City Solicitors, for respondent.