170 A.2d 912 (1961)
Marie C. HALL d.b.a. Summit Nursing Home
v.
ZONING BOARD OF REVIEW OF the CITY OF PAWTUCKET.
M. P. No. 1388.
Supreme Court of Rhode Island.
June 1, 1961.
James Cardono, Pawtucket, for petitioner.
Woolley, Blais & Quinn, Pawtucket, for respondent.
CONDON, C.J.
This is a petition for certiorari to review the decision of the zoning board of review of the city of Pawtucket denying the petitioner's application for a variance or an exception. In compliance with the writ the pertinent records have been certified to this court.
The petitioner owns and operates a nursing home in a three-story frame house at 80 Summit street. Her application is for permission to construct a one-story masonry addition to provide accommodations for sixteen more patients. The house is in a residence A district in which a nursing home is not permitted. However, in 1954 petitioner obtained permission from the board to use the house for that purpose on the ground that a nursing home was the only beneficial use to which the premises could be put. In effect the pending application seeks an extension of such use.
At the hearing before the board petitioner testified that she is unable to derive a *913 profit from the nursing home with its present capacity of only thirteen patients. She testified further that the proposed addition is necessary for the convenience and welfare of the public. A realtor testified on her behalf that the addition would not devaluate surrounding property or create a traffic hazard on Summit street. The architect who drew the plans for the addition testified to the same effect and that the addition would be in harmony with other property in the neighborhood. Three owners of surrounding property and another realtor testified in opposition to petitioner and her witnesses as to the effect of the addition upon traffic and the value of surrounding property.
It is unnecessary for our purpose to particularize such testimony here. Suffice it to say that it was sharply conflicting. While some, if not most, of the remonstrants' testimony amounted to little more than assertions that the proposed addition would devalue their property we cannot say that it was without any evidentiary quality. And the same is true of their real estate expert's testimony which does not appear from the record to be of strong probative force. There was, therefore, some evidence before the board upon which it could base a refusal to exercise its discretion in favor of petitioner.
On the other hand, petitioner's testimony that the addition was necessary to enable her to derive some beneficial use of her premises was not substantial. Whatever evidentiary value there was in such testimony it did not tend to show that she was deprived of all beneficial use of her premises but only that the nursing home with its present facilities was an unprofitable business. This is the substance of her evidence in support of her claim for a variance. Such evidence will not support a claim of unnecessary hardship which would justify granting a variance. Berard v. Zoning Board of Review, 87 R.I. 244, 139 A.2d 867.
Her evidence in support of an exception is if anything scantier. It may well be that there is a demand for more nursing home facilities in this neighborhood to such a degree that the necessity of public convenience and welfare would be served by the proposed addition but there is no substantial evidence of that in the record.
On the evidence before it the board concluded that petitioner had failed to make out a case for either an exception or a variance and made several findings which petitioner contends are not supported by the evidence. On our view of the evidence it is not necessary for us to consider such contention. If there was some evidence before the board upon which it could base a refusal to exercise its discretion and grant an exception we will not set aside its decision unless it is clearly arbitrary and unreasonable. Sweck v. Zoning Board of Review, 77 R.I. 8, 72 A.2d 679.
We are of the opinion that there was some evidence before it on which it could properly refuse to exercise its discretion to grant petitioner's application for an exception. The petitioner contends that its decision was arbitrary and unreasonable but we have found nothing in the record to support such a view. On the contrary her evidence even if uncontradicted is, in our opinion, insufficient to warrant a variance or an exception and hence the board did not abuse its discretion in denying her application.
The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the board with our decision endorsed thereon.
PAOLINO, J., not participating.