[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Exeter (Zoning Board). Appellant Fredrick Hone, Jr. ("Appellant Hone") seeks reversal of the Board's decision of May 8, 2003, denying his application for a dimensional variance. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Appellant Hone is the owner of a 4.5 acre parcel of land located at 339A South County Trail in the town of Exeter and known as Assessor's Plat 67, Block 1, Lot No. 2, in the Land Evidence Records of the Town of Exeter. Since the inception of zoning in Exeter in 1977, that lot has been located in a RU-4 zone. On March 17, 2003, Appellant Hone petitioned the Zoning Board, requesting a dimensional variance from Appendix A § 2.4.2 of the Code of Ordinances of Exeter (Ordinance), which governs dimensional regulations. Specifically, Appellant Hone sought to construct a 40 foot by 48 foot addition onto an adjacent 24 foot by 26 foot preexisting foundation situated directly adjacent to his house.
Appellant Hone requested relief in the form of a dimensional variance because the subject property possesses only 130 feet of road frontage, whereas lots zoned RU-4 are required to lie alongside at least 300 feet of public road. The Zoning Board held a public hearing on May 8, 2003, at which Appellant Hone was the only witness to appear and testify.
In order to minimize his risk from a bank mortgage, Appellant Hone stated that he had subdivided a lot that possessed 300 feet of road frontage prior to the enactment of the Ordinance. Tr. at 16-17. In its stead, Appellant Hone created Lot 3, with 170 feet of road frontage, leaving 130 feet for the lot at issue. A few years later, he dismantled the 24 foot by 26 foot structure that stood next to his house, leaving the foundation dormant. Tr. at 14. After disassembling the foundation's initial structure, Appellant Hone salvaged the materials and erected a second building on the same lot. Tr. at 14. While he began this construction after the enactment of Exeter's Ordinance, Appellant Hone secured a building permit for it. Twenty-two years later, he decided to again build upon the dormant foundation, and formulated plans for the new structure. After receiving a zoning certificate from the Exeter Zoning Inspector, certifying that the proposed addition to one of the two houses existing on the subject parcel would not comply with the Ordinance because the lot lacked sufficient road frontage, Appellant Hone filed his application with the Zoning Board.
On June 18, 2003, the Zoning Board denied Appellant Hone's application. The Zoning Board expressed three reasons for denying Appellant Hone's request for a dimensional variance. By subdividing his originally conforming lot into two dimensionally nonconforming lots that lacked sufficient amounts of road function, Appellant Hone had created his hardship that necessitated his subsequent request for a variance; that, in addition to lacking the required amount of road frontage, Lot 2 also possessed two residences within its boundaries, thereby creating a legally nonconforming use that could not be intensified or enlarged; and that Appellant Hone had failed to demonstrate to the Zoning Board a deprivation that rose above the level of mere inconvenience. Tr. at 21. Appellant Hone filed a timely appeal to this Court, claiming that he is entitled to a dimensional variance under the Code of Ordinances of Exeter.
 STANDARD OF REVIEW
The Superior Court's review of the Exeter's Zoning Board decision is governed by G.L. 1956 § 45-24-69(D) which provides that:
 [the] court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the Appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 1. In violation of constitutional, statutory, or ordinance provisions;
 2. In excess of the authority granted to the zoning board of review by statute or ordinance;
3. Made upon unlawful procedure;
4. Affected by other error of law;
 5. Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 6. Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. G.L. 1956 § 45-24-69(D).
When reviewing a zoning board decision, the court "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Salve Regina College v.Zoning Board of Review of Newport, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Board of Warwick, 122 R.I. 241,245; 405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means in amount more than a scintilla but less than a preponderance."Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi,120 R.I. 501, 508; 388 A.2d 821, 824-25(1978)). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n v. George, 648 A.2d 370, 371 (R.I. 1994) (citingTown of Narragansett v. International Ass'n of Firefighers,AFL-CIO, Local 1589, 119 R.I. 506; 380 A.2d 521 (1977)).
 VARIANCE FOR DIMENSIONAL NONCONFORMANCE
General Laws § 45-24-31(49) states that a building, structure or parcel of land is nonconforming by dimension if it is not in compliance with the dimensional regulations of the zoning ordinance. Dimensional regulations include all regulations of the zoning ordinance, other than those pertaining to the permitted uses. Section 45-24-31(49).
The authority to grant dimensional relief emanates from the Zoning Enabling Act of 1991. Section 45-24-57(1)(iv). This form of relief may be granted when the zoning board grants:
 [p]ermission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations. However, the fact that a use may be more profitable or that a structure may be more valuable after relief is granted are not grounds for relief. G.L. 1956 § 45-24-31(61)(i). The Exeter Zoning Board of Review possesses the power to issue a dimensional variance from the municipality's local zoning ordinances. See Bamber v. Zoning Board of Review of Foster, 591 A.2d 1220, 1223 (R.I. 1991).
Mirroring the Zoning Enabling Act, the Exeter Zoning Ordinance § 1.3.C provides:
 In granting a variance, the Exeter Zoning Board of Review shall require that evidence to the satisfaction of the following standards be entered into the record of the proceeding.
 1. That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 2. That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent of purpose of the Exeter zoning ordinance or the Exeter comprehensive plan, upon which this ordinance is based;
 4. That the relief to be granted is the least relief necessary. Zoning Ordinance, § 1.3, C (2003).
The applicant seeking a dimensional variance must show that the unnecessary hardship results from the unique characteristics of the land and not the general characteristics of the surrounding area. Furthermore, the applicant must also demonstrate that the current hardship is not the result of his or her prior action, that the variance does not alter the general character of the surrounding area, and that the relief sought is the least relief necessary. Section 45-24-41(c).
However, when presented with a request to alter a nonconforming building, structure or parcel of land, a Zoning Board of Review, pursuant to § 45-24-40, may permit the development to be altered in two ways. The ordinance may establish a special use permit authorizing the alteration, which must be approved by the zoning board of review, or it may allow the addition and enlargement, expansion, intensification, or change in use of nonconforming development either by permit or by right, and may distinguish between the foregoing actions of zoning districts. Section45-24-40. In addition, the ordinance may require that the alteration more closely adheres to the intent and purposes of the zoning ordinance. Id. The Exeter Zoning Ordinances also prohibit similar expansions of buildings or structures that are nonconforming by dimension in declaring that "[a] building or structure nonconforming by dimension shall not be added to or enlarged in any manner, unless such addition or enlargement conforms to all dimensional regulations of the zone in which the building or structure is located." Zoning Ordinance § 3.3, 4.
 THE APPEAL FROM THE ZONING BOARD'S DECISION
At the outset, Appellant Hone argues in his appeal that the Zoning Board's decision is ultra vires because the Zoning Enabling Act mandates continued nonconforming development. Section 45-24-29(b). According to Appellant Hone, the Zoning Board's decision relied on § 3.5, 4B of the Exeter Zoning Ordinances in order to wrongfully deprive Appellant Hone of meaningful continued use of his property as contemplated by the Zoning Enabling Act. Section 54-24-39(b). As a result, Appellant Hone maintains that the Zoning Board acted without authority in denying his request for a dimensional variance. Ordinance § 3.5,4B states:
 Where there is an existing dwelling on a nonconforming lot prior to the effective date of this ordinance and any amendment thereto, such dwelling may be enlarged or altered without approval from the zoning board of review being necessary, provided that such alteration or enlargement complies with front and corner side yard, side yard and rear yard requirements of article II, dimensional regulations for the district in which such lot is located. Ordinance § 3.5, 4B.
In support of his contention, Appellant Hone states that while § 3.5, 4B requires a residential landowner to seek zoning relief for any alteration or modification of a preexisting, nonconforming lot, it only grants expansions to such nonconforming lots if they are to conform to the dimensional regulations. In Appellant Hone's opinion, this section creates a double standard that deprives owners of nonconforming lots of the same rights that owners of conforming lots possess and thus creates a veto mechanism for the municipality to eliminate dimensional non-conforming lots.
Appellant Hone's reliance on the proposition that the Board's action with respect to said provision is ultra vires is unavailing. Under a lawful exercise of the state's police power, the Rhode Island General Assembly may subject the property rights of its landowners to reasonable limitations in their enjoyment of their property. See Robinson v. Town Council of Narragansett,60 R.I. 422, 433, 199 A. 308, 313 (1938). The Robinson Court further stated that:
 This is a power to reasonably regulate and restrict the use and the enjoyment of property by the owner in the public interests, for the conservation of the public health, safety, morals, and welfare. In the lawful exercise of this power, there is no taking
of property from the owner, and any injury that he may suffer by a reasonable limitation in the use of his property is compensated by sharing in the common benefits that the Legislature by reasonable regulation intends to secure. Id.
In addition, because Appellant Hone submitted himself to the jurisdiction of the Zoning Board to hear and determine his request for a dimensional variance, he is now precluded from challenging its jurisdiction in a judicial forum. See Sweck v.Zoning Bd. of Review of North Kingstown, 77 R.I. 8, 11,72 A.2d 679, 680 (1950). In this case the Rhode Island Supreme Court ruled:
 This court has heretofore held in a number of cases that by asking the zoning board to exercise its discretion under an application for an exception or variance the applicant precludes himself from raising any question as to the constitutionality of the enabling act or the validity of a zoning ordinance enacted thereunder, because by filing such an application he necessarily admits the constitutionality or validity of the laws upon which he relies. Id.
While Appellant Hone asked the Zoning Board whether Zoning Ordinance § 2.6, 4 had "ever been tested in court," he neither explicitly argued that the Ordinance was invalid, nor questioned the jurisdiction of the Zoning Board itself. Instead, by filing his application and presenting his case for dimensional relief at a duly noticed public hearing, Appellant Hone submitted himself to the jurisdiction of the Zoning Board. As a result, Appellant Hone is precluded from challenging the validity of the Ordinance or the jurisdiction of the Zoning Board in this appeal.
Furthermore, Appellant Hone argues that the Zoning Enabling Act requires zoning ordinances to allow the continuation of nonconforming development. In support of his argument, Appellant Hone relies on the language of § 45-24-39(b), which states that "zoning ordinances must permit the continuation of nonconforming development." The Zoning Board's finding that, while Appellant Hone interprets this section as mandating expansion, the statute read in its entirety ensures only the continuance of the nonconformity is not affected by error of law. Section45-24-39(a) of the Rhode Island General Laws clearly provides that any municipality shall make provisions for any structure that is nonconforming by use or dimension. The town of Exeter created such a provision when it enacted Zoning Ordinance § 3.2, 5. The ordinance states:
 A building or structure containing a nonconforming use shall not be added to or enlarged in any manner, including any enlargement or floor area or volume, unless the use contained within such building or structure, including such addition and enlargement, is made to conform to the use regulations of the zone in which it is located. Exeter Zoning Ordinance § 3.2, 5
A reading of the provisions of § 45-24-39 in pari material
evinces the legislative intent that Rhode Island municipalities are clearly required to permit the existence of nonconforming structures, buildings or parcels, but possess the authority to restrict their expansion. Appellant Hone further argues that § 3.5, 4B is ultimately inapplicable, because it applies only to lots nonconforming by area, and Appellant Hone's requested relief is based on a dimensional nonconformity. However, the transcript of the proceeding evidences the Court that the Zoning Board neither analyzed § 3.5, 4B, nor relied on it, in reaching its decision to deny relief.
The record reveals that Appellant Hone proposes to construct an expansion to one of the two residential structures that stands on Lot 2. However, Lot 2 is nonconforming because, although it possesses more than the minimum required acreage, it lacks the minimum required road frontage. As a result, Appellant Hone's proposed addition represents an expansion of a nonconforming development and is clearly restricted by Ordinance § 3.2, 5.
Appellant Hone also contends that the Board could have granted the dimensional variance for his proposed addition and then required a use variance before construction of the addition proceeded. While both the Zoning Board and Appellant Hone correctly observe that if the second structure had been erected prior to 1977, then it would have constituted a nonconforming use, or if it had been constructed after 1977, then it would have existed as a prohibited use, Appellant Hone argues that neither a determination that the structure was a nonconforming use, nor a determination that it is a prohibited use, may factor into the Zoning Board's decision to deny a dimensional variance. Appellant Hone characterizes the Zoning Board's inclusion of these factors as a "thinly veiled pretext" to eliminate pre-existing, nonconforming lots from the town of Exeter. (Plaintiff's Memorandum at 7.)
A nonconforming use is a particular use of property that does not conform to the zoning restrictions applicable to that property but which use is protected because it existed lawfully before the effective date of the enactment of the zoning restrictions and has continued unabated since then. See RicoCorporation v. Town of Exeter, 787 A.2d 1136 (R.I. 2001) (quoting Town of Scituate v. O'Rourke, 103 R.I. 499, 503,239 A.2d 176, 179 (1968)); see also 1 Anderson's American Law ofZoning, § 6.01 (4th ed. Young 1996); 8A Eugene McQuillin,Municipal Corporations, § 25.186 (3rd ed. 1996); 4 Arlen H. Rathkopf, The Law of Zoning and Planning, § 51.01 (1999); E.C. Yokely, Zoning Law Practice, § 22-2 (4th ed. 1979). Thus, "[f]or a nonconforming use to be sanctioned, it must be lawfully established prior to the implementation of the zoning restriction or regulation." O'Rourke, 103 R.I. at 504, 239 A.2d at 180; Section 45-24-31(49).
Appellant Hone admitted through his testimony and his site plan that two houses stand on Lot 2, thus conceding the lot's nonconformity with Zoning Ordinance § 2.6, 4, which provides that "[i]n no case shall there be more than one residential building and its accessory buildings on one lot." Zoning Ordinance, § 2.6, 4. Assuming that Appellant Hone's second house was constructed prior to May 2, 1977, the building would constitute a legally nonconforming use that cannot be expanded, enlarged or intensified without a use variance. See Zoning Ordinance § 3.2. Specifically, the Zoning Ordinance requires property owners to obtain a use permit or use variance to expand, enlarge or intensify a nonconforming use. See Zoning Ordinance §§ 3.2, 7A, 1.3D. Pursuant to § 3.2, 7A and § 1.3D, the Zoning Board must first grant a special use permit that allows the addition, or a use variance allowing the use of the property for two residential structures.
Assuming arguendo that the second house had been erected after the enactment of the Zoning Ordinance — thus qualifying it as a prohibited use — the Zoning Board would have lacked authority to grant an expansion of Appellant Hone's structure. Nevertheless, use variances are not at issue in this proceeding because a dimensional variance may only be granted in conjunction with a permitted use or, if the ordinance so permits, a special exception. Section 45-24-41(d) states that "[t]he zoning board of review has the power to grant dimensional variances where the use is permitted by special use permit if provided for in the special use permit sections of the zoning ordinance." Section45-24-41(d).
Appellant Hone further contends that there is no other reasonable alternative for him to enjoy a legally entitled use of his property. He insists that his proposed addition represents an insignificant alteration to his property and that the Zoning Board's decision has effectively denied his continued use and enjoyment of the property in a meaningful manner. Furthermore, Appellant Hone argues that his need to conform to the ordinance's dimensional requirements serves no legitimate town purpose.
The transcript reveals that when the Zoning Board provided Appellant Hone with an opportunity to enter into the record any evidence to support his claim of hardship, he failed to provide a minimal amount. Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984) (stating that the proof necessary to show hardship is `exacting': an applicant may not rely on bald assertions, but must set forth probative evidence such as data from financial statements); see Section 45-24-41(d) (Appellant before the Zoning Board must submit evidence sufficient to prove that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than mere inconvenience). Because Appellant Hone failed to fulfill the requirements of the statute, the Zoning Board lacked authority to grant his request for a dimensional variance.[1] The Zoning Ordinances of Exeter serve a legitimate municipal purpose. While a few property owners, such as Appellant Hone, suffer some incidental loss or curtailment of their unrestricted use of their property in zoned districts, these sacrifices are unavoidable in conserving the value of preexisting buildings and encouraging the most appropriate use of the land throughout such municipality.See Sundlun v. Zoning Board of Review of City of Pawtucket,50 R.I. 108, 145 A. 451 (1929); see also D'Acchioli v.Zoning Bd. of Review of City of Cranston, 74 R.I. 327,60 A.2d 707 (1948) (Personal hardship due to failure of irrigation system so as to enable lessee to raise produce on leased premises for sale at a stand on such premises in a residential district did not require zoning board, after considering its adverse consequences to the general welfare of the public, to grant a variance permitting use of premises for sale of produce imported from elsewhere throughout the year.) See also § 45-24-3.
With respect to his "entitlement" to dimensional relief, Appellant Hone also argues that the Board was clearly erroneous when it ruled that he had created his own hardship when he subdivided Lot 2 from Lot 3 before the town of Exeter had enacted its Zoning Ordinances. The Zoning Board counters Appellant Hone's argument by noting that Appellant Hone's desire to subdivide arose from his attempt to avoid a mortgage on the portion of Lot 2 that was subsequently subdivided into Lot 3.
Regardless of his motivations, (again, assuming arguendo that the Zoning Board was empowered to grant dimensional relief in this matter) Appellant Hone did not create his own hardship by subdividing his property before the enactment of the applicable Ordinances. Appellant Hone rightly contends that, at the time he created Lot 2, developers were not required to consider the length of road frontage that their lots would possess as a result of their subdivisions. Several courts have taken the position that a property owner's development rights must be based on the ordinance in effect at the time an application is filed. For example, in Allenbach v. City of Tukwila, 676 P.2d 473 (Wash. 1984), the Supreme Court of Washington stated that the landowner's development rights must be based on the ordinance in effect on the date his application was submitted, rather than on an ordinance that was passed but not yet effective. In Pure Oilv. City of Columbia, 173 S.E.2d 140, 143 (S.C. 1970), the Supreme Court of South Carolina took a similar position, declaring,
 [w]e see no reason to protect vested rights acquired after a permit is issued, and to deny such protection to similar rights acquired under an ordinance as it existed at the time a proper application for a permit is made. In both instances, the right protected is the same, that is, the good faith reliance by the owner on the right to use his property as permitted under the Zoning Ordinance in force at the time of the application for a permit. Similarly, in Tantimonaco et ux. v. Zoning Board of Review of the Town of Johnston, 102 R.I. 594, 602, 232 A.2d 385, 389 (1967), the Rhode Island Supreme Court recited from 1 Yokley, Zoning Law and Practice (3d ed.), § 9-5, at 409: `"Current trends in the decisions indicate that rights existing under an ordinance may not be swept aside by a subsequently enacted zoning ordinance, where, in reliance on the existing ordinance, expenses are incurred in preparing for the issuance of a permit."' Nonetheless, the Zoning Board's decision in denying the dimensional relief was not affected by error of law and the substantial rights of the petitioner have not been prejudiced.
 CONCLUSION
After review of the entire record, this Court finds that the Board had before it reliable, and substantial evidence to deny the requested relief. This Court, in reviewing the certified record, finds nothing therein which is in violation of any constitutional, statutory or zoning ordinance provision; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Zoning Board's procedure was lawful and that its decisions are not affected by any error of law and the substantial rights of the petitioner have not been prejudiced. Accordingly, pursuant to the specific legislative mandate contained in § 45-24-69, as amended, this Court must and does affirm the decision of the Zoning Board.
Counsel will prepare and submit an appropriate judgment for entry.
[1] This assumes in arguendo that the zoning board is permitted to grant dimensional relief in this matter.