Helen S. Allen *vs.* Zoning Board of Review of the City of Warwick.

May 20, 1949.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J.   This is a petition for a writ of certiorari, under general laws 1938, chapter 342, §8, to review the action of the zoning board of review of the city of Warwick, hereinafter called the board, in denying petitioner's application for an exception or variation to the zoning ordinance of that city.   In response to a citation the members of the board waived the actual issuance of the writ and made a return of a certified copy of their record pertaining to the hearing on the above application and their decision thereon.

The record shows that the petitioner applied for an exception or variation from the requirements of the zoning

ordinance so that she might "erect a 20' x 40' building for a washing plant" on an eighteen acre parcel of land in a residence B district which land was allegedly used for "gravel operations," a nonconforming use. The zoning ordinance became effective August 24, 1945. The application was not prepared by an attorney, nor was petitioner represented by counsel at the hearing before the board.

At that hearing her representative, who was the only person appearing in her behalf, stated that the land had been used and taxed as a gravel bank; that the proposed building would be at least 600 feet from the nearest dwelling, and that the gravel would be transported over Green Bush Road, a minor highway. Those who opposed the granting of the application, some forty in number, based their objections upon various grounds, such as depreciation of property values, noise, dust, inadequacy of the Green Bush Road for such traffic, and increased highway hazards, especially to children. In the course of the hearing, which was held on November 10, 1948, a member of the board stated that "in two weeks time a decision would be made as to the legality of gravel operations in all residential areas."

The board rendered their decision on December 8, 1948 denying and dismissing the application for the above-mentioned reasons and on the further ground of the absence of a showing that the denial of the application would result in any hardship to the applicant. The petitioner contends that the board went far beyond the scope of the narrow issue before them for determination under her application and calls the following language in the decision to our attention: "The application under consideration asks for permission to build and operate a Washing Plant, this being only part of a Gravel Pit operation. However testimony by the applicant brought out the facts that a full Gravel Pit operation was intended to have been asked for and that an application would be filed for a future hearing which would cover a complete operation, including a Stone

Crusher. Because a Washing Plant is an integral part of a Gravel Pit operation and of itself would have no operating value, together with the statement made by the applicant, the Board feels it necessary to consider this application as a request for a full Gravel Pit operation, including a Stone Crusher."

Petitioner strongly urges that the language just quoted is in effect an arbitrary denial of her inherent right as an owner of land to remove the natural resources therefrom. She then argues that the question of whether she had the right to remove gravel from her land was not before the board under her application; and, further, that if the board had the power to deny her that right then the enabling act, G. L. 1938, chap. 342, and the zoning ordinance enacted thereunder are unconstitutional in that they violate article XIV, section 1, of the amendments to the United States constitution and of article I, sec. 16, of the Rhode Island constitution.

On certiorari this court will consider only the record returned by the board in response to the issuance of such writ. *Fiske* v. *Zoning Board of Review,* 70 R. I. 426. Furthermore, the constitutional question raised by the petitioner is not properly before us in this case. When a zoning board are asked to exercise their discretion under an application for an exception or variation to a zoning ordinance the applicant precludes himself from raising any question as to the constitutionality either of the enabling act or of the ordinance, because by filing such an application he necessarily admits the constitutionality of the laws upon which he relies. *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26. See also *Jacques* v. *Zoning Board of Review,* 64 R. I. 284, 289.

Upon consideration of the present record in the light of the briefs and oral arguments it is clear to us that the parties proceeded at cross-purposes in this case. The petitioner in reality wants a building permit for the erection of a building to house stationary machinery to wash gravel,

which operation, according to her brief but not of record, she had carried on before the zoning ordinance was enacted by means of portable machinery. Her real claim is fundamentally based on two contentions: first, that she is reasonably entitled to the building permit as the erection of a building for that purpose is merely incidental to an established nonconforming use of her land; and, secondly, that she, as an owner of real property, is entitled as of right "to remove the natural resources of the land," which, according to her, comprised the digging, washing and removal of gravel from her premises. The application in the instant case raised no such questions and therefore they need not be considered by us at this time.

The board, on the other hand, clearly exceeded the scope of the application in passing judgment on matters not before them for determination. In this case they were not called upon to decide "the legality of gravel operations in all residential areas," as a member of the board intimated at the hearing, nor were they concerned as to whether at some future time the petitioner might apply for permission to operate a stone crusher on her land. Her application was confined to a request for permission to erect a "building for a washing plant," apparently to house machinery in connection with gravel operations, and nothing more. This was the only matter submitted to the board for the exercise of their discretion.

In our judgment justice requires that, in view of the misunderstanding between the parties, the decision of the board be narrowly construed so that the rights of all parties will be fully protected in the future. With such purpose in mind, we construe the decision of the board to mean merely that the petitioner was denied permission to erect a building on her land "for a washing plant." All other matters mentioned in that decision, either directly or by implication, are hereby expressly excluded therefrom as having no force and effect. On the evidence in the record before us we cannot say that the decision of the

board as herein limited was unreasonable or arbitrary. On such view we now express no opinion as to whether the petitioner can or can not hereafter claim as a matter of right, independent of the zoning ordinance, that she is entitled to erect a building for a washing plant in connection with gravel operations. That question was not before the board in the instant case.

The petition is denied and dismissed, the decision of the respondent board as above limited is affirmed, and the record heretofore certified to this court is ordered to be returned to the board with our decision endorsed thereon.

*Russell W. Richmond,* for petitioner.

*Hailes L. Palmer,* City Solicitor, for respondent.