[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Woonsocket. The plaintiffs here, seek reversal of the Zoning Board's decision filed on August 20, 1990 wherein it denied the plaintiffs' request for a variance. Jurisdiction in this Superior Court is pursuant to § 45-24-20R.I.G.L.
The plaintiffs are Park Donuts, Inc. and G D Partnership. They will hereinafter be referred to as Park Donuts. The defendants are Norman G. Frechette; Robert Ward; George LaCouture; Eleanor Nadeau and Terrence McKenna, all in their capacities as members of the Zoning Board of Review for the City of Woonsocket. They will hereinafter be referred to as the Board.
I
FACTS AND CASE TRAVEL
Park Donuts, doing business as Dunkin Donuts leases and operates a Dunkin Donuts retail sales franchise at 1338 Park Avenue in the City of Woonsocket. That business is located on Lot 413 as shown on Tax Assessor's Plat 18. That lot is essentially a triangular shaped lot which fronts on Park Avenue for some 180 feet and has a rear lot line of some 222 feet on Fournier Street. The lot runs in depth from 130 feet to 0 feet at the point of its triangular shape at the corner of Fournier Street and Park Avenue.
On February 15, 1989, Park Donuts as applicant and lessee filed an application along with Roger and Gerald Champagne, the then owners of Lot 413 requesting a variance from the Zoning Board. That application and request sought front and rear line set back relief for the use of the lot so as to provide adequate (18) parking spaces to accommodate its business customers. The application also noted that Park Donuts would be removing an existing diner business building from the lot and replacing it with a 30 x 40 foot Dunkin Donuts sales building. That application, dated February 15, 1989 was duly advertised for hearing, and on April 10, 1989 the hearing was held before the Zoning Board. At that hearing, a large number of objectors appeared in opposition to the zoning relief request. A reading of the certified record of that hearing indicates clearly that the large number of objectors were there because of their concern about an increase of traffic that would be generated from the proposed doughnut business onto Fournier Street, which is a heavily populated residential and school area street.
Faced by the large number of objectors, and as a means of avoiding denial of its application, Park Donuts, acting by and through its principal, Girard M. Martineau, then requested permission to amend or change the lot plan that had been submitted with the application. He proposed several changes to the Board one of which would close off a so called curb cut exit-entrance on Fournier Street. He also gave his assurance that curbing along the entire rear line of the lot on Fournier Street would be installed so as to prevent any traffic from entering or exiting the lot from or onto Fournier Street. The record contains the following: (April 10, 1989 tr. p. 5-6)
 "Mr. Martineau: The plan before you is the one that I submitted with my application and what I would like to offer is some proposed changes for your consideration. They are the result of meetings with folks in the neighborhood. They represent an effort to allay some of the concerns that the neighbors have. The first change and the most substantive one on the Fournier Street, Fournier Avenue property line, in the rear, I show an egress/ingress, I am proposing to close that entirely. It will be curbed closed as is the rest of the 222 feet rear yard line. This is a result of discussions with neighbors. The second change was one recommended by the Planning Department, following my submission of the plans and that was to move the pylon sign in the front of the property over to in front of or in back of three spots on the left side of the plan; employee parking spaces. I would do that in order to avoid a variance needed in their interest and their concern to present more acceptable placement of that sign. The third change is where the employee spaces are marked. Those have now become patron spaces, along with the twelve along the northern side of the property. The pastor of Our Lady Queen of Martyrs has agreed to allow three employee parking spaces on the property of the church which will enable me to increase my space by three spaces there. And along the rear yard line on the Fournier side, I do not show in the plan, but I have also agreed at Planning's recommendation and at the suggestion of some of the neighbors to install a curbing along the entire rear of the property which will in effect define better Fournier Avenue through a way that will also prevent any traffic from entering or exiting onto Fournier Avenue.
 Mr. Ward: If I can understand this, you want to make one of your changes to have the egress onto Fournier to be closed, and you are going to curb the entire property line that abuts Fournier Avenue?
 Mr. Martineau: That's correct."
In addition to the above, various other members of the Zoning Board questioned Mr. Martineau regarding Park Donuts' intention with regard to the curb cut on Fournier Street and the curbing of the entire rear lot line on Fournier Street. Mr. Frechette (April 10, 1989 tr. p. 7); Mrs. Nadeau (April 10, 1989 tr. p.15). Finally, Park Donuts' attorney also assured the Zoning Board prior to its vote to grant his client's request for a variance that no traffic from the doughnut shop could come out onto, or enter into the doughnut shop lot from Fournier Street. (April 10, 1989 tr. p. 38).
Also taken into consideration by the Zoning Board at the April 10, 1989 hearing was the expert opinion testimony offered by Park Donuts' traffic engineer, a Mr. Steven Clark of Commonwealth Engineers Consultants. Mr. Clark testified that in his opinion there would be no traffic problems created on Park Avenue by the Dunkin Donut business customers, but, there would be a problem created by the uncontrolled curb cut on Fournier Street, especially for school children attending the nearby school. (April 10, 1989 tr. 17-18).
Obviously basing its decision upon the specific representation of Mr. Marceau; the opinions of its expert, Mr. Clark, and the statements of Park Donuts' attorney with regard to the Fournier Street curb cut closing and curbing, the Zoning Board voted to grant Park Donuts' request for the variance. No appeal was taken from that Zoning Board decision.
After the April 10, 1989 Zoning Board's granting of the variance, Mr. Martineau, on behalf of Park Donuts then began the process of obtaining the various and necessary municipal permits required to remove the existing diner building from the lot in question, and to construct the Dunkin Donut building and reconstruct the lot ground area. Mr. Martineau at no time informed any of the various municipal agencies of the changes he had made to the original plans for the lot, in particular, the deletion of the curb cut on Fournier Street, and his assurance of complete installation of curbing along the entire lot line on Fournier Street. In the course of the work progress, however, the curb cut deletion and curbing installation changes came to the attention of the City Planner, Nancy L. Brittain. She wrote a letter on February 27, 1990 to Mr. Martineau advising him to comply with the revised lot plan that the Zoning Board had approved and acted on. (Appendix B8 Certified Record). On March 6, 1990 the Department of Planning and Development received a revised plan showing the deletion of the Fournier Street curb cut, and showing the installation of curbing along the entire lot line on Fournier Street. That revised plan contained other changes from the original plan, but none of which are pertinent in this appeal. Mr. Martineau and Dunkin Donuts next apparently decided to renege on their previous representations and commitments and attempted to accomplish their intentions by filing a second request for a variance for the lot in question with the Zoning Board. That application for a variance, signed by Mr. Martineau on behalf of Park Donuts, d/b/a Dunkin Donuts was filed on May 7, 1990. In it, the grounds stated by him as reasons for the request is as follows:
 It is the opinion of the Design Review Board as well as the Director of Planning and Staff that a lack of egress on rear of property presents a safety hazard. Together they have requested that you alter your approved plan to provide for such an egress."
It is interesting to note that the safety hazard suggested by Mr. Martineau because of the curb closure, is the same safety hazard that Mr. Chase, his expert traffic engineer, testified would be created by having the curb cut opened!
In any event, the Zoning Board as required by law scheduled a hearing on Park Donuts' request for a variance. That hearing was held on August 14, 1990. At that hearing, Mr. Martineau admitted his earlier representations; promises and plan changes. He told the Zoning Board that he did so because of the neighbors' concerns. Actually, it appears that more than simply the neighbors' concerns were in his mind when he spoke to the Zoning Board at the earlier April 1989 hearing. It was obvious that his request would have been denied had he not made the changes and promises for the curbing on Fournier Street. At the hearing, as noted earlier, his own traffic engineering expert admitted the problem that would be created by the existence of the Fournier Street curb cut opening. Mr. Martineau also testified at the August 14, 1990 meeting that immediately after the April 1989 meeting, Mr. Daniel DelPrete, the president of Park Donuts, Inc. — Dunkin Donuts, told him that the curb cut had to remain. Mr. DelPrete along with Mr. Lou DeAngelis, a corporate officer of Dunkin Donuts, also testified at the August 1990 hearing. Each essentially said that Dunkin Donuts needed the curb cut opening on Fournier Street and that Mr. Martineau made an error in changing the lot plan at the April 1989 hearing. In essence, they were pleased with Mr. Martineau's representations, promises and changes made at the April 1989 hearing because they enabled Park Donuts to get the variance, but after having gained the variance, wanted to take back all that had been promised and changed in order to obtain it.
The Zoning Board heard from the many objectors to the request, most of whom had been the recipients of the earlier promises, and from two lay persons, both employees of Dunkin Donuts, who saw no traffic problems on Fournier Street and spoke in favor of the request. The Zoning Board thereafter unanimously voted to deny Park Donuts — Dunkin Donuts' request and gave as reasons that the granting thereof would be contrary to the public interest and would not conform to the Zoning Ordinance.
Park Donuts, Inc., d/b/a Dunkin Donuts and G D Partnership, the owner of the lot in question, filed this appeal from that August 14, 1990 Zoning Board decision. In their appeal, plaintiff-appellants contend that the Board's decision is not rationally supported by the record before it; that the Board lacked jurisdiction on the plaintiff-appellant's application; that the Board was precluded from hearing the application because of the doctrine of administrative finality and finally, that the Board was precluded from denying the application on grounds of equitable estoppel.
II
SCOPE OF APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISIONS Section 45-24-20, R.I.G.L., 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in Section45-24-20, this Superior Court cannot substitute its judgment for that of the Zoning Board. However, this Court must examine the full record to determine whether the findings made by the Zoning Board were supported by substantial evidence. Apostolou, et al.v. Genovesi, et al., 120 R.I. 501, 507 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand, etc.,424 A.2d 646, 647 (1981).
III
PARK DONUTS' APPELLATE CONTENTIONS
In support of its complaint filed in this Superior Court pursuant to § 45-24-20 R.I.G.L. Park Donuts has filed a legal memorandum in which is set out and discussed the four contentions made here in this appeal. It is obvious from a reading of the legal memorandum that there is a total misconception of actual fact background with regard to what transpired and took place before the Zoning Board when it heard and decided the Park Donuts February 15, 1989 request for a variance on April 10, 1989. As a result of that total misconception, the happenings before the Zoning Board on Park Donuts' May 7, 1990 application for a variance are consequently obfuscated.
Taking up first Park Donuts' contention that the Zoning Board lacked jurisdiction to hear and consider its May 7, 1990 application for a variance.
Under our law, when an application for a variance is filed by a proper party, the local Zoning Board of Review is required to hold a hearing thereon. § 45-24-19, R.I.G.L. At that hearing, the burden of proving that the applicant is entitled to the relief sought in the application is upon the applicant. Smith v.Zoning Board of Review, 104 R.I. 1, 4 (1968); Winters v. ZoningBoard of Review, 80 R.I. 275, 279 (1953). In this case, avariance was specifically requested, and Park Donuts had the burden of not only proving its hardship, but also, that its proposed use of its land would not be contrary to the public interest. Smith v. Zoning Board, infra, at 3-4. It is clear to this Court that Park Donuts' request for a variance simply misconceived the law pertaining to zoning in this state. Bamberv. Zoning Board of Review of Foster R.I. June 3, 1991.
It is also equally clear that Park Donuts, having filed its application for a variance with the Zoning Board, and having presented evidence before the Zoning Board on its request contained in that application cannot thereafter, for the first time challenge the jurisdiction of the Zoning Board to have heard its request. Park Donuts, having requested the Zoning Board to exercise its discretion is now precluded from questioning the Board's jurisdiction. Compare: Zuena v. Zoning Board ofCranston, 102 R.I. 299, 300 (1967); Allen v. Zoning Board ofWarwick, 75 R.I. 321, 323 (1949); Sweck v. Zoning Board ofNorth Kingstown, 77 R.I. 11 (1950).
As to Park Donuts' contention that the Zoning Board's decision is not rationally supported by the record before it, that contention is without merit. Assuming, without conceding, that the Zoning Board could have acted favorably upon Park Donuts curb cut opening request in the guise of a request for a variance, the burden of proving its alleged traffic congestion-hazard problem was upon Park Donuts. It presented no substantial probative evidence in that regard. The evidence from Mr. Martineau; Mr. DelPrete; Mr. DeAngelis; Mr. Lynch and Mr. Pacheco appears from the record to be nothing more than lay judgment evidence and is of no real probative force or value to the Zoning Board. Toohey v. Kilday, 415 A.2d 732, 737 (1980). To that same extent, absent further facts, the mere letter from the City Planner dated June 21, 1990 which was introduced into the hearing was not controlling upon the Zoning Board's discretion. Especially is that so, where the Zoning Board had heard previous conflicting evidence from Park Donuts' very own traffic engineering expert, Steven Clark, at the April 10, 1989 hearing. As noted earlier, this Court is prohibited from substituting its judgment for that of the Zoning Board as to the weight of the evidence on questions of fact. § 45-24-20R.I.G.L.
In this matter, Park Donuts did not meet its required burden of proof at the August 14, 1990 hearing. There was no substantial evidence introduced that should have compelled the Zoning Board to have granted the variance requested.
As to Park Donuts' contentions regarding administrative finality, that law bars successive applications for substantially similar relief unless a substantial or material change of circumstances has occurred in the interval between the two applications. Costa v. Gagnon, 455 A.2d 310, 313 (1983); Marksv. Zoning Board of Providence, 98 R.I. 405, 406-407 (1964);Compare: Bernstein v. Zoning Board, 99 R.I. 944, 501 (1965). That law, well established, has no application whatever to the actual facts in this case. Park Donuts attempt to inject that law into this case is based upon the erroneous assumption that the Zoning Board had approved its earlier request at the April 10, 1989 hearing for the curb cut opening on Fournier Street. Park Donuts, in its legal memorandum, perpetuates the error by claiming that the Zoning Board was abusing its discretion by requiring Park Donuts to "seek approval for something which theBoard had already approved." (Memorandum p. 13). Without being facetious, Park Donuts' contention regarding administrative finality actually prevents what Park Donuts tried to get the Zoning Board to do.
With regard to Park Donuts' final contention, namely, equitable estoppel, that contention can be summarily disposed of. On the basis of the clear and unambiguous records certified to this Superior Court from the Zoning Board, that doctrine of law if applicable in zoning proceedings should be applied in this case, not against the Zoning Board, but instead, against Park Donuts.
It was Park Donuts that made all of the representations and promises at the first Zoning Board hearing in order to get what it wanted, and it was Park Donuts that went to the second Zoning Board hearing in order to take back all of its representations and promises but without wanting to give back what it had taken as a result of those promises and representations.
Park Donuts has failed in its burden to persuade this Court that the Zoning Board abused its discretion. Woodbury v. ZoningBoard of Review, 78 R.I. 319 (1951). This Court in reviewing the certified records finds nothing therein which is in violation of any constitutional, statutory or zoning ordinance provision; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Board's procedure was lawful and that its decision is not affected by any error of law. The Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of the Board's discretion.
Accordingly, pursuant to the specific legislative mandate contained in § 45-24-20 R.I.G.L., this Court must, and does, deny and dismiss the appeal of Park Donuts, Inc. and G D Partnership. The decision of the Zoning Board of Review for the City of Woonsocket made on August 14, 1990 and filed with its Zoning Office on August 20, 1990 is affirmed.
The stay of the Zoning Board's decision granted on October 18, 1990 is vacated.
Counsel wil prepare and present an appropriate judgment for entry by the Court within ten (10 days).