DECISION
This is an appeal from a decision of the Woonsocket Zoning Board of Review (Zoning Board). The Woonsocket Neighborhood Development Corporation (plaintiff) seeks reversal of the Zoning Board's decision of October 14. 1997. In its decision, the Zoning Board affirmed the decision of the Acting City Planner which denied the plaintiff's request for a hearing before the Zoning Board on the plaintiff's application for a variance because plaintiffs preliminary plat approval had previously expired. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The plaintiff owns real property located on Rhodes Avenue in Woonsocket, designated as lot 19 on Assessor's Plat 2. The plaintiff bought this parcel of property on August 7, 1997. At the time plaintiff purchased the property, the preliminary plat and variance approvals for the property were about to expire. (Minutes of the Oct. 14, 1997 Zoning Board Hearing (hereinafter "Minutes of October 14, 1997") at 5, 9). On August 13, 1997, the extension of the property's variance approval expired. On August 26, 1997, the plaintiff requested a six-month extension of the preliminary plat approval. Joel Matthews, the Acting City Planner, responded to the plaintiff the preliminary plat approval. Joel Matthews, the Acting City Planner, responded to the plaintiff by letter the next day. Matthews explained that the Planning Board would have to approve an extension of the preliminary plat approval. (Applicant's Exhibit 2, Letter of August 27, 1997 from Joel Matthews). Matthews also informed the plaintiff that
 "[i]n discussing this matter briefly yesterday with Lloyd Gariepy, Planning Board Chairman, I identified that the required variance from the Woonsocket Zoning Board of Review expired on August 13, 1997. Based upon the Planning Board Chairman's instructions, [the plaintiff] should attempt to receive an extension of the zoning variance prior to appearing before the Planning Board at which time your extension request can be discussed and acted upon by the Board . . . I would suggest your appearance before the Zoning Board at their September 15, 1997 meeting, so that you can be scheduled for the next Planning Board meeting which will be held on October 7, 1997." (Applicant's Exhibit 2, Letter of August 27, 1997 from Joel Matthews).
The plaintiff proceeded to file an application for a variance with the Zoning Board. First, in a letter to the Zoning Officer, the plaintiff requested a place on the next Zoning Board agenda for an extension of the previous variance. (Applicant's Exhibit 3A, Letter of August 28, 1997 to Zoning Officer). Then on September 2, 1997, the plaintiff submitted an application for a variance. In its application, the plaintiff made no mention of an extension of the previous variance but simply asked for a variance from frontage requirements. (Applicant's Exhibit 3B). On September 4, 1997, Matthews told the plaintiff that its variance request would not be placed on the Zoning Board's docket because the plaintiffs preliminary plat approval had expired on August 31, 1997. (Applicant's Exhibit 4, Letter of Sept. 4, 1998 from Joel Matthews). Matthews informed the plaintiff that it needed to acquire a new preliminary plat approval before seeking a variance. (Applicant's Exhibit 4). The new applications would be subject to the revised zoning ordinance (of Dec. 31, 1994) which would now require a minimum lot size of 25,000 square feet (pursuant to an R-1 zone). Under the plaintiff's expired preliminary plat and variance approvals, an earlier version of the zoning ordinance applied which only required a minimum lot size of Previous Property Owner New England Pyramid). The plaintiff filed a timely appeal of the above decision of the Acting City Planner with the Zoning Board. The plaintiff sought a hearing on its request for a six-month extension of the previous preliminary plat approval.
On October 14, 1997, the Zoning Board heard the plaintiffs appeal. At the hearing, the plaintiff argued, through legal counsel, that the pulling of permits by the previous owner of the property for road work and sewer lines in July 1997 tolled the expiration of the preliminary plat and variance approvals. Acting City Planner Matthews testified that the plaintiff needed subdivision preliminary plat approval before appearing before the Zoning Board for a variance. As the previous preliminary plat approval had expired, Matthews said that the plaintiff needed a new preliminary plat approval. The Zoning Board denied the plaintiffs appeal. The Zoning Board also found that the plaintiff knew of the impending expiration dates for subdivision and variance approvals and did not take action to further the extensions of those approvals. (Minutes of October 14, 1997 at 14). The Zoning Board further found that the plaintiff did not have an existing preliminary plat approval and thus could not legally appear before the Zoning Board. (Minutes of October 14, 1997 at 14).
The plaintiff filed a timely appeal of the Zoning Boards decision. The plaintiff argues that the Acting City Planner had no authority to deny the plaintiff a hearing on its requests for extension of variance and preliminary plat approvals.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the boards decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Assn, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
 Acting City Planner's Authority
The plaintiff argues that only the Zoning Officer had the authority to deny its application a place on the Zoning Board's docket. The plaintiff also argues that the Acting City Planner had no authority to refuse to place the plaintiff's request for a preliminary plat extension before the Planning Board. The plaintiff states that only the full Planning Board may decide whether a request meets the criteria for a hearing. The defendants respond that the plaintiff cannot on appeal raise the issue of the Acting City Planner's authority to deny the plaintiffs requests, because the plaintiff did not raise this issue before the Zoning Board. The defendants state that even if this Court accepts argument on the issue, the Acting City Planner had authority to advise the Zoning Officer that the plaintiff's application for a variance was deficient.
"A party may not raise on appeal any question not raised before the agency, unless allowed by the court upon due cause shown." Belote v. State Harness Racing Com'n, 688 A.2d 264, 266 (Pa. Cmwlth. 1997). "Issues not raised before the agency, or raised in briefs for the first time, are considered waived." Id.
Similarly, this Court need not consider issues that were not raised before the Zoning Board. See Allen v. Zoning Board ofReview, 75 R.I. 321, 66 A.2d 369, 370 (1949). "[T]his court will consider only the record returned by the board. . . ." Id.
At the Zoning Board hearing, the plaintiff did not challenge the Acting City Planner's authority to deny the plaintiff's request to place its variance application on the Zoning Board docket. Because the plaintiff has raised the issue of the Acting City Planner's authority for the first time on appeal, this issue is not reflected in the record before this Court and will not be reviewed.
Even if the matter had been properly raised below, the Acting City Planner possessed the authority to coordinate the enforcement efforts of the Zoning Officer and the Planning Department in determining whether the plaintiff was eligible to be heard by the Zoning Board. See Woonsocket Subdivision Land Development Regulations, Sec. 2.1.5. The Acting City Planner clearly discussed the matter in detail with the Zoning Officer and the Chairman of the Planning Board before informing the plaintiff that the plaintiff had to acquire preliminary plat approval. (Applicant's Exhibit 4). The Acting City Planner had the authority, through coordination of enforcement effortsto inform the plaintiff of his ineligibility for a hearing before the Zoning Board. The Acting City Planner originally did not reject the plaintiff's request for an extension of the preliminary plat approval, but instead suggested the Planning Board could hear the matter in October 1997. (Applicant's Exhibit 2).
 Equitable Estoppel
The plaintiff furthur argues that its right to develop lot 19 had already vested and the city of Woonsocket is estopped from denying the plaintiff the right to develop the property. The plaintiff states that the preceding owner of the lot and the plaintiff incurred substantial sums of money for surveyors' and engineers' fees and for the extension of public sewer lines. The plaintiff argues that the zoning ordinance existing on August 30, 1994, when the preceding owner of the lot first obtained preliminary plat approval, is the appropriate ordinance rather than the revised ordinance of December 31, 1994. The defendants contend that the application of the doctrine of equitable estoppel is not appropriate in this case. The defendants state that the plaintiff did not have vested rights to develop the property because the plaintiff failed to begin construction or extend the variance and preliminary plat approvals before the approvals expired.
The elements of equitable estoppel are:
 "first, an affirmative representation or equivalent conduct on the part of the person against whom the estoppel is claimed which is directed to another for the purpose of inducing the other to act in reliance thereon; and secondly, that such representation or conduct in fact did induce the other to act or fail to act to his injury." Providence Teachers Union v. School Bd., 689 A.2d 393, 391-392 (R.I. 1997) (citing Lichenstein v. Parness, 81 R.I. 135, 138, 99 A.2d 3, 5 (1953)).
The doctrine of equitable estoppel can be applied to a municipality. Fleet Construction Co. Inc. v. Town of NorthSmithfield, No. 97-178-Appeal, Slip. Op. at 4-5 (R.I. filed May 22, 1998). A municipality may be estopped from asserting a new zoning provision when construction has already begun under the previous zoning provision. Shalvey v. Zoning Board of Review,99 R.I. 692, 210 A.2d 589, 593-594 (1965). "[B]uilding permits lawfully issued for a permitted use should be immune to impairment or revocation by reason of a subsequent amendment to the zoning ordinance when the holders thereof, acting in reliance thereon in good faith, initiate construction in some reasonably substantial measure or incur some reasonably substantial obligation promoting such construction." Id.
In addition, there are other situations not involving the issuance of building permits in which the Rhode Island Supreme Court has applied the doctrine of equitable estoppel. In Town ofGlocester v. Olivo's Mobile Home Court, Inc., 111 R.I. 120,300 A.2d 465, 471 (1973), the Court found that the Town of Glocester should be estopped from claiming that the land owners nonconforming use was illegal, as the town had licensed the use (mobile home park) for several years. In Schiavulli v. SchoolCom. of Town of No. Providence, 114 R.I. 443, 334 A.2d 416, 420 (1975), the Court found that the school committee was estopped from denying that the plaintiffs absence was the result of her being on leave without pay. The plaintiff teacher relied on the committees silent inaction in believing that she had permission for her leave of absence. The court stated, "[s]ilence, we have said, can be the basis for estoppel where there exists a duty not to remain silent as where the circumstances require one to speak lest such silence would reasonably mislead another to rely thereon to his detriment." Id. at 419.
In the instant case, the Acting City Planner specifically directed the plaintiff to go to the Zoning Board before applying for an extension for preliminary plat approval. The Acting City Planner discussed the matter with the Planning Board Chairman in formulating his response to the plaintiff. "Based upon the Planning Board Chairman's instructions, [the plaintiff] should attempt to receive an extension of the zoning variance prior to appearing before the Planning Board at which time your extension request can be discussed and acted upon by the Board." (Applicant's Exhibit 2). The last part of the above sentence can only refer to the Planning Board's consideration of the plaintiff's request for a preliminary plat approval extension. At the end of the Acting City Planner's letter, he further mentioned a tentative schedule in which the plaintiff could first appear before the Zoning Board in September and then the Planning Board in October. The clear inference from the Acting City Planner's communication, sent to plaintiff before expiration of preliminary plat approval, was that the Planning Board would consider the preliminary plat approval extension at a later date, as the Acting City Planner's letter was in response to the plaintiff's request for such an extension. Nowhere in the letter did the Acting City Planner state that the expiration of the plaintiff's preliminary plat approval on August 31, 1997 would prevent the Planning Board from considering an extension of the preliminary plat approval at its October 1997 meeting. Such silence on the part of the Acting City Planner misled the plaintiff into believing that it would be able to receive a preliminary plat approval extension after first appearing before the Zoning Board. The plaintiff relied on the instructions of the Acting City Planner to its detriment, as after the plaintiff requested an extension of its variance (on August 28, 1997), the plaintiff's preliminary plat approval expired while the plaintiff waited for the next Zoning Board hearing. Similar to the teacher inSchiavulli, supra, who was told that her request was not heard because she was not certified, the plaintiff in the instant case was told that the Zoning Board would not hear the variance application because the plaintiffs preliminary plat approval had expired.
This Court finds that the defendants are estopped from asserting that the plaintiff's preliminary plat approval has expired. The Acting City Planner, in consultation with the Planning Board Chairman, specifically instructed the plaintiff to go before the Zoning Board first and led the plaintiff to believe that the preliminary plat approval extension could be heard by the Planning Board at a later date in October 1997. The Acting City Planner of the City of Woonsocket has the authority to coordinate enforcement efforts of zoning and planning department officials. (Woonsocket Subdivision Land Development Regulations, Sec. 2.1.5). The Acting City Planner's communication to the plaintiff in exercising his coordination authority estops the defendants from asserting that the preliminary plat approval had expired, because the plaintiff reasonably relied on the time schedule set out by the Acting City Planner for consideration of the plaintiff's extension requests.
The plaintiff may appear before the Planning Board for an extension of the preliminary plat approval. That request should be handled in the ordinary course, without regard to the intervening revision of the zoning ordinance, or the status of the variance, and treated similarly to any such request for extension. Should plaintiff's request for extension be granted by the Planning Board, the plaintiff may proceed to request a variance or an extension of the variance previously granted before the Zoning Board. The Zoning Board should handle any such request as it would any request where preliminary plat approval had been granted by the Planning Board prior to revision of the zoning ordinance.
 Conclusion
Accordingly, after review of the entire record, this Court finds that the Zoning Board's decision denying plaintiff's request for a hearing before the Zoning Board on plaintiffs application for a variance because plaintiff's preliminary plat approval had previously expired is reversed. This case is remanded to the Zoning Board for remand to the Planning Board forthwith to enable plaintiff to secure an immediate hearing on its request for extension of preliminary plat approval. Counsel shall confer and submit to the Court forthwith for entry an appropriate form of order and judgment reflective of this decision.